CLARENCE I. ANTHONY, Appellant, *v.* FRANCES L. WOOD et al., Respondents.

A levy by virtue of an attachment upon a promissory note creates no lien thereon, unless at the time the attachment debtor has a legal title thereto.

Where, therefore, before the levy, the debtor has parted with the legal title, although with intent to defraud his creditors, as there remains in him only an equity for their benefit, this cannot be reached by the attachment, and the sheriff may not assail the transfer as fraudulent.

The provision of the Code of Civil Procedure (§ 649), providing for a levy by virtue of an attachment upon "a promissory note or other instrument for the payment of money" by "taking the same into the sheriff's actual possession," merely changes the mode of making the levy; it in no

respect alters the inherent quality of such instruments as choses in action.

Under said provision a levy can only be made by obtaining the actual custody of the instrument.

Where, therefore, a sheriff, seeking to levy upon a promissory note, and a bond and mortgage given as collateral thereto, which were in the hands of an agent of the attachment debtor, served upon said agent a certified copy of the warrant together with a copy of the affidavits, and demanded the securities, which the agent refused to deliver up or to give the certificate that he held them for the benefit of the debtor as prescribed by the Code (§ 650), and thereupon the sheriff applied for and obtained an order requiring such delivery, and in pursuance thereof obtained possession, but between the time of the demand and that of obtaining possession the debtor assigned the note, *held*, that the sheriff acquired no lien, either by the original demand and service of copies or by the subsequent obtaining the custody of the securities, and so could not attack the title of the assignee.

*Anthony* v. *Wood* (29 Hun, 239), reversed.

*Bills* v. *N. P. Bank* (89 N. Y. 351), limited.

(Argued April 30, 1884 ; decided June 3,.1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 13, 1883, which affirmed a judgment in favor of defendants Bowe and others, entered upon a decision of the court on trial at Special Term ; also appeal from a portion of said order, which affirmed an order of Special Term, allowing said defendant Bowe to come in and defend. (Reported below, 29 Hun, 239.)

This action was for the foreclosure of a mortgage executed by defendants Wood and others to John P. Brooks to secure a note, and by him assigned to the plaintiff.

Two of the makers of the mortgage interposed an answer, setting up for defense that the note and mortgage had been attached on the 2d day of June, 1881, by Peter Bowe, the sheriff of New York county, by virtue of a warrant of attachment issued to him in an action in the Supreme Court, by one Helen L. Hall against John P. Brooks; that the action was pending, and the note and mortgage were in the possession of the sheriff. Thereupon the sheriff was made a party defend-

ant on his own application, and permitted to answer, which he did, setting up the warrant of attachment, and alleging that under it he had attached the note and mortgage and had taken them into his nominal possession, and claimed to hold them under the attachment; that the assignment by Brooks to the plaintiff was fraudulent and made to delay and defraud his creditors, and defeat the execution of the warrant of attachment; and asking that the premises be sold, and the proceeds paid to him, to be held under the attachment.

On the trial the court found that John P. Brooks was the owner of the note and mortgage on the 2d day of June, 1881; that on that day the sheriff levied on and attached the note and mortgage under the warrant of attachment; that on the 6th day of June, 1881, Brooks assigned the note and mortgage to the plaintiff in this action; that the assignment was made with the fraudulent intent to defeat the execution of the warrant of attachment, and to hinder the plaintiff in that suit in the collection of her debt, and that the plaintiff had notice of such fraudulent intent.

It appeared that on said 2d day of June, 1881, the note and mortgage belonged to Brooks, the defendant in the attachment suit, but they were under the control of his attorney, Clark Brooks, who had placed them in the safe of a third person. On that day the deputy of the sheriff found said attorney in his office, and served him there with a copy of the warrant of attachment and the affidavit, and showed him the original; he also demanded the note and mortgage, and handed said attorney a paper containing a general description of them, and asked him for a certificate; said attorney refused to deliver up the securities or to give the certificate. Thereupon the sheriff made application as prescribed by the Code (§ 651) for an order requiring said attorney to submit to an examination. The application was denied, but on appeal the Special Term order was reversed, and the application granted, whereupon, and on or about December 15, 1880, said attorney delivered the securities to the sheriff.

*James L. Bishop* for appellant.    No levy was made by the sheriff on the note and mortgage on June 2, 1881.  (Code of Civ. Pro., § 649.)  .Such property can only be attached by the sheriff taking the same into his actual custody.  (*U. S.* v. *Graff*, 4 Hun, 634.)  In order to obtain the custody, it was the sheriff's right to force open the office and the safe.  (*Cantrell* v. *Conner*, 6 Daly, 39 ; *Hubbard* v. *Mace*, 17 Johns. 127 ; *Glover* v. *Whittenhall*, 6 Hall, 597 ; Crocker on Sheriffs, § 444.)  The test of a valid levy is whether the officer's act would subject him to an action for trespass if unprotected by the process. (*Miles* v. *Brown*, 38 N. Y. Supr. Ct. 400 ; *Haggerty* v. *Wilber*, 16 Johns. 287; *Yale* v. *Matthews*, 20 How. 430; *Bond* v. *Willett*, 1 Abb. Dec. 165; *Green* v. *Burke*, 23 Wend. 490 ; *Beekman* v. *Lansing*, 3 id. 446; *Westervelt* v. *Pinckney*, 14 id. 123.)  The proceedings taken subsequently to June 2, 1881, did not effect a levy, nor pass any interest in the note and mortgage to the sheriff.  (Code of Civ. Pro., § 649, subds. 2, 3; *Bills* v. *Nat. Park B'k*, 89 N. Y. 351 ; *Buckingham* v. *White*, 25 id. 441.)  A Special Term order made in the attachment suit requiring the depositary of the note and mortgage to deliver them up to the sheriff, not being made in an action or special proceeding, was wholly irregular and unauthorized. (*Hall* v. *Brooks*, 89 N. Y. 33.)  The possession which the sheriff acquired on December 14, 1884, did not relate back to June 2, nor did it vest any interest in him in the property under the attachment.  (*Doe* v. *Howland*, 8 Cow. 277, 285 ; Drake on Attachment, § 193.)  The sheriff was improperly made a party defendant in this action.  (*Kelsey* v. *Murray*, 18 Abb. Pr. 294 ; *Webster* v. *Bond*, 9 Hun, 437 ; *Waring* v. *Waring*, 3 Abb. Pr. 246 ; *Latham* v. *Richards*, 15 Hun, 126.) The sheriff cannot maintain a cause of action to set aside the assignment of the note and mortgage as fraudulent.  (Code, § 756 ; *Russell* v. *Ruckman*, 3 E. D. Smith, 419 ; *Smith* v. *Longmire*, 24 Hun, 257 ; *Thurber* v. *Blank*, 50 N. Y. 180 ; *Castle* v. *Lewis*, 78 id. 131 ; *Bowe* v. *Arnold*, 16 Weekly Dig. 326.)  The assignor, John P. Brooks, is a necessary party. (*B'k of Republic* v. *Lawrence*, 35 N. Y. 320 ; *Arthur* v.

*Homestead F. Ins. Co.*, 78 id. 462.)   A debtor may transfer his property, for the purpose of defeating an execution, to one who knows his purpose, provided the transfer is actually made, and for a consideration.   (*Muir* v. *Howell*, 4 East, 1 ; *Wilder* v. *Winne*, 6 Cow. 284 ; *Durvill* v. *Terry*, 6 H. & N. 807 ; *Hale* v. *Saloon Omnibus Co.*, 4 Drew. 492 ; *Thompson* v. *Blanchard*, 4 N. Y. 303 ; *Williams* v. *Sargeant*, 46 id. 481 ; *Stearns* v. *Gage*, 79 id. 102.)

*Henry G. Atwater* for respondents.   The order making the sheriff a party was proper under section 452 of the Code. (*Bergen* v. *Urbahn*, 83 N. Y. 49 ; *Schrauth* v. *Dry Dock Savg's B'k*, 86 id. 390 ; *Conklin* v. *Bishop*, 3 Duer, 646 ; *People* v. *Albany & Vt. R. R. Co.*, 77 N. Y. 232.)   The demand for the note and mortgage made by the sheriff upon Clark Brooks on June 2, 1881, gave the sheriff a right of possession, and when this right of possession was successfully prosecuted by the proceedings against Clark Brooks, and the note and mortgage reduced to the actual possession of the sheriff, his title related back to June 2, when he made the demand and his right of possession accrued.   (*Smith* v. *Orser*, 43 Barb. 187 ; *Yale* v. *Matthews*, 12 Abb. Pr. 379 ; Code of Civ. Pro., § 655.)   The assignment of the note and mortgage made by Brooks to Anthony, being made with intent to defeat the attachment, is void.   (Metcalf on Contracts, 241 ; 2 R. S. 137, § 1 [7th ed.] ; 3 id. 2339.)   Non-delivery of the note was constructive notice of all impediments to the transfer.   (*Kellogg* v. *Smith*, 26 N. Y. 18.)   As Brooks, who had full knowledge of the attachment proceedings, and the efforts to evade them, acted as agent and attorney of Anthony in the matter of the assignment, his knowledge was the knowledge of Anthony. (Story on Agency, § 140 ; Wade on Notice, § 672 ; *Le Neve* v. *Le Neve*, 2 Lead. Cas. in Eq., part 1, p. 109 ; *Fuller* v. *Bennett*, 2 Hare, 394 ; *B'k of U. S.* v. *Davis*, 2 Hill, 451 ; *Holden* v. *N. Y. & E. B'k*, 72 N. Y. 286 ; *Bennett* v. *Buchan*, 76 id. 386.)   Even if no valid levy was made on June 2, 1881, yet as the sheriff, after the assignment, made an undoubtedly

good levy, he can attack the assignment.  (*Rinchey* v. *Stryker*, 26 How. Pr. 75; 28 N. Y. 45; Code of Civ. Pro., §§ 648, 649, subd. 2; *Hall* v. *Stryker*, 27 N. Y. 596; *Thayer* v. *Willitt*, 5 Bosw. 344; 9 Abb. Pr. 325; *Fallon* v. *McCunn*, 7 Bosw. 141; *Jacobs* v. *Remsen*, 35 Barb. 384; *Schlussel* v. *Willitt*, 34 id. 397; *Curr* v. *Van Hoesen*, 26 Hun, 316; *Bates* v. *Plovsky*, 28 id. 112.)

FINCH, J.  If one proposition of the respondents is sound it settles in their favor every serious question raised on this appeal.  That proposition is, that under the existing provisions of the Code of Civil Procedure, a promissory note is made property capable of manual delivery, which may be levied upon so as to effect a lien upon the debt which it represents by taking it into the officer's actual custody, and that he may protect and defend that levy and lien by assailing as fraudulent a previous assignment or transfer to a third party.  Under the earlier provisions of the Code, a levy upon property capable of manual delivery, executed by taking it into the actual possession of the officer, invested him with the right in defense of his levy to assail as fraudulent and void against creditors a previous assignment or transfer which threatened by its priority the security of the lien obtained.  (*Rinchey* v. *Stryker*, 28 N. Y. 45.)  But this court also held, as to the levy permitted to be made upon choses in action, that the attachment reached and became a lien upon only such debts as at the time belonged to the debtor by a legal title, and for the recovery of which he could maintain an action at law, and as a consequence, where, before levy of the attachment, he had parted with the legal title, even if with intent to defraud his creditors, there remained in him for their benefit only an equity which the attachment could not reach, and so the sheriff could not assail the transfer as fraudulent.  The doctrine of *Thurber* v. *Blanck* (50 N. Y. 80) went to that extent, and has been since approved.  (*Castle* v. *Lewis*, 78 N. Y. 137; Wait on Fraudulent Conveyances, § 86.)  These authorities establish

that the sheriff in the case before us could not assail as fraudulent the transfer of the note and its collateral made prior to his asserted levy, unless their doctrine is made inapplicable by the change in the provisions of the Code (§ 649). Where the property sought to be attached is "capable of manual delivery, including a bond, promissory note or other instrument for the payment of money," the levy is now to be made "by taking the same into the sheriff's actual custody." This provision changed merely the mode of making the levy, but in no respect altered the inherent character of the property sought to be attached. If the note or bond has been transferred, however fraudulently, no lien by attachment is possible, and it is of no consequence that the mode of executing the process has been changed. The note is not turned into a chattel by the new provision. It remains a chose in action, and when the legal title is in the attachment debtor the debt may be seized by taking the note or bond which is its evidence; but where the legal title has been transferred to a third party, and is not in the debtor to be attached, the possession of the note by the officer under his warrant accomplishes nothing. On the assumption, therefore, that no levy was made until after the transfer of the note, the attachment gave the officer no right to assail or contest it.

But it is claimed that the levy made by taking the note into the officer's custody relates back to the demand made by him upon Clark Brooks, who had the possession of the paper, and which occurred before the note was transferred. The warrant was issued May 28, 1881. On June 2 the officer called upon Clark Brooks, who was the agent and attorney of the defendant, and had the note in his custody locked up in a friend's safe, served upon him a certified copy of the warrant, together with a copy of the affidavits, and demanded the note and bond and mortgage, and a certificate that he held them for the benefit of the defendant. Brooks refused. Thereupon he was ordered to submit to an examination which took place on June 7. The assignment of the note and mortgage was dated

the day before, but recorded on the same day.   In July a motion to compel Brooks to deliver up the note was denied at Special Term, but the order reversed by the General Term, which directed him to deliver up the securities to the sheriff. This he did under protest.   It was said in *Bills* v. *Nat. Park Bank* (89 N. Y. 351) to have been the law that a debt evidenced by a negotiable security could be attached while in the hands of the attachment debtor by serving the attachment upon the maker of the security; but the effect of sections 648 and 649 of the Code of Civil Procedure was not considered. Section 649 prescribes how the levy shall be made.   It must be "by taking the same into the sheriff's *actual* custody," who must "*thereupon*, without delay, deliver to the person from whose possession *the property is taken*, if any, a copy of the warrant and of the affidavits upon which it was granted." No other mode is prescribed.   Nothing else will constitute the levy.   Until the officer has obtained the *actual* custody he has made no levy, and can make none.   He is armed with power to get such custody.   He may proceed by action or special proceeding to reach that result, but until he has reached it he has made no levy, and can make none.   We have nothing to do with the wisdom of the rule.   We can only enforce it as it is plainly written.

It follows that neither before nor after the assignment did the sheriff acquire any title to or lien upon the note or bond and mortgage ; that he had no interest in the foreclosure or right to intervene, and that the judgment and interlocutory order appealed from should each be reversed, and judgment of foreclosure ordered in favor of the plaintiff, with costs.

All concur except RUGER, Ch. J., not voting.

Judgment accordingly.