## DETERMINED IN THE

# FIRST DEPARTMENT,

### AT

# GENERAL TERM,

## May, 1887.

---

HENRY WARNER, as Assignee of PENN BANK, Appellant, *v.* THE FOURTH NATIONAL BANK OF THE CITY OF NEW YORK and ALEXANDER V. DAVIDSON, Late Sheriff, etc., Respondents.

*Attachment — to constitute a valid levy on pledged securities they must be taken into the actual custody of the sheriff — Code of Civil Procedure, sec. 649.*

On May 21, 1884, the defendant began an action against the Penn Bank, a foreign corporation, to recover money due from it, and obtained therein an attachment. A copy of the warrant was, on May twentieth, served by the sheriff upon the American Exchange National Bank, to which corporation the Penn Bank had, on May thirteenth, delivered a large amount of negotiable securities, among which were notes of two corporations, as security for a loan on that day made by the said American Exchange National Bank to the Penn Bank, which loan was less than the face of the securities. A copy of the warrant, accompanied with a notice showing that the interest of the Penn Bank was attached, was served upon the American Exchange Bank and the makers of the notes.

*Held,* that, as the title of the securities was at the time the warrant was issued in the Penn Bank, no lien was acquired thereon by such service of the warrant and notice, as the sheriff did not take them into his actual custody as was required by section 649 of the Code of Civil Procedure.

*Anthony* v. *Wood* (96 N. Y., 180) followed; *Clark* v. *Goodridge* (41 id., 210) and *Brownell* v. *Carnley* (3 Duer, 9) distinguished.

The difference in the rules prescribing what constitutes a valid levy in the case of executions and the case of attachments, stated and commented on by Van Brunt, P. J.

Appeal from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

Upon May 13, 1884, the Penn Bank, a foreign corporation, delivered to the American Exchange National Bank, of New York, a large amount of negotiable securities, among others notes of McCalmont Oil Company for $2,500, and notes of American Tube and Iron Company for $6,200, as collateral security for a loan then made to the Penn Bank by the American Exchange National Bank, which loan was less than the face of the securities. On May 21, 1884, the defendant, the Fourth National Bank, began an action against the Penn Bank to recover $10,000, and obtained an attachment. Upon the twentieth day of May the sheriff served copies of said warrant upon the American Exchange National Bank, who still held said securities, and upon the McCalmont Company and the Tube and Iron Company. The copy warrant was accompanied by a notice showing that the interest of the Penn Bank was attached. On May twenty-eighth the Penn Bank made, at Pittsburg, a general assignment under the statutes of Pennsylvania, to the plaintiff. Upon July 26, 1884, the Fourth National Bank perfected judgment in its action aforesaid, and issued execution to the sheriff against the attached property. The American Exchange National Bank proceeded to collect the securities pledged to it as aforesaid, and after paying the amount of its advances there remained in its hands about $5,000. Claims being made by the sheriff and the assignee of the Penn Bank to this fund, the American Exchange National Bank interpleaded the parties in this action and paid the fund into court. The action was tried at Special Term, and the defendants obtained judgment for the fund, from which judgment this appeal is taken.

*James Watson*, for the appellant.

*David Wilcox*, for the respondents.

Van Brunt, P. J.:

The appellant claims that if the title to this paper was in the Penn Bank at the time the attachment was served, that no lien was acquired because the sheriff did not take the paper into his actual custody.

Section 649 of the Code of Civil Procedure prescribes the method of levy under an attachment. It provides that a levy under an attachment must be made upon personal property capable of manual delivery, including a bond, promissory note or other instrument for the payment of money by taking the same into the sheriff's *actual* custody. Upon other personal property by leaving a certified copy, etc.

In the case of *Anthony* v. *Wood* (96 N. Y., 180), the court expressly decided that until the officer has obtained the actual custody of the property, he has made no levy under an attachment and can make none. In that case, however, the property sought to be reached was absolutely the defendants and no one had any claim to possession except the defendant, and therefore the property was so situate that it was capable of manual delivery. But in case the property has been pledged, does a different rule prevail?

It is claimed by the respondents that when personal property, although capable of manual delivery, has been pledged, it comes within the description of personal property incapable of manual delivery because the sheriff could not wrest it from the pledgee in defiance of his prior rights, and that this is so plain that it needs no argument to demonstrate. It would seem to be the just and equitable view to take of the question, but we cannot see how the statute can be construed in that way. The difficulty seems to be that it is not so denominated in the bond and no argument can repeal the express wording of the statute. Where the property is of a character which can be taken possession of by the sheriff, he must levy under an attachment, the Code says, by taking it into his *actual* custody. A promissory note is mentioned among those things in the very section as capable of manual delivery, and hence must be taken into the actual custody of the sheriff or no levy is made under an attachment. A different rule prevails as to a levy under an execution.

In order to constitute a valid levy, under an execution, it is not necessary that the sheriff should take actual possession of the property levied upon. (Crocker on Sheriffs, § 436.) And, hence, a course of procedure which may create a valid lien, by levy, under an execution, is of no effect when an attachment is the process under which the procedure is taken. Under an attachment the levy upon negotiable securites must be made, as the court say in

*Anthony* v. *Wood* (*supra*), quoting from the Code, by the sheriff " taking the same into (his) the sheriff's *actual* custody, who must thereupon, without delay, deliver to the person from whose possession *the property is taken*, if any, a copy of the warrant and of the affidavits upon which it was granted. No other mode is prescribed. Nothing else will .constitute the levy. Until the officer has obtained the *actual* custody he has made no levy and can make none. He is armed with power to get such custody. He may proceed by actual or special proceeding to reach that result, but until he has reached it he has made no levy and can make none. We have nothing to do with the wisdom of the rule. We can only enforce it as it is plainly written."

The cases cited of *Clarke* v. *Goodridge* (41 N. Y., 210), and of *Brownell* v. *Carnley* (3 Duer, 9) relate to the provisions of the old Code of Procedure. Such Code contained no such requirements as are contained in the Code of Civil Procedure, and if the Civil Code has made it impossible to reach, by attachment, the surplus arising from assets pledged, as it seems to have done, it is one of those improvements which has to a very great degree destroyed the effectiveness of the process of attachment. It being conceded by the respondent that the Penn Bank was the owner of the notes notwithstanding the pledge, then no effectual levy was made and the property passed .to the plaintiff by the assignment of the Penn Bank.

The judgment must be reversed and new trial granted, with costs to the appellant, to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, with costs to appellant, to abide event.