## COLUMBIA BANK *v.* INGERSOLL.

*(Supreme Court, Special Term, New York County.* May 7, 1888.)

ATTACHMENT — LEVY UPON REAL ESTATE—RIGHT OF ATTACHING CREDITOR TO RENTS.
The levy of an attachment upon real estate does not entitle the attaching cred-
itor to an order applying, in satisfaction of his execution, the rents accruing to the
debtor.

At chambers. On motion to vacate an order.

Motion by the Rhode Island National Bank to vacate an order made in sup-
plementary proceedings in aid of an execution issued upon a judgment obtained
by the Columbia Bank against Lorin Ingersoll. The Rhode Island National
Bank, a judgment creditor of Ingersoll, in supplementary proceedings, pro-
cured the appointment of a receiver of the judgment debtor's property. The
order appointing the receiver was made April 24, 1888. Prior to this time the
Columbia Bank, in an action against Ingersoll, had obtained an attachment
against his property, and the warrant was served on a member of the firm of
Watson, Karsch & Co., tenants of premises leased by Ingersoll, as debtors of,
or persons holding property of, Ingersoll, and demand made for a certificate
of the indebtedness. Judgment having been obtained thereafter, and execu-
tion having issued, supplementary proceedings in aid of the execution were
instituted against Watson, Karsch & Co., as debtors of Ingersoll, for rents ac-
crued. Upon the examination therein, and upon notice and consent of Inger-
soll, an order was made April 25, 1888, after the appointment of the receiver,
and without notice to him, and without disclosing the fact of his appointment,
that Watson, Karsch & Co. pay over to the sheriff the moneys owing by them
to Ingersoll for rents accrued under the lease. Another attachment was also
levied, in the same manner, in an action by one Van Slyck against Ingersoll.

*Edgar J. Nathan* and *Michael H. Cordozo*, for the motion. *J. Homer Hil-
dreth*, for Columbia Bank, opposed. *Geo. W. Van Slyck, pro se.*

VAN BRUNT, P. J. There is no doubt but that the order under which Wat-
son, Karsch & Co. paid over the money in question to the sheriff was irregu-
lar. There seems to have been a studious suppression of the fact that a re-
ceiver of the judgment debtor had been appointed, and that the judgment
debtor had therefore no power to consent to the entry of the order under which
said payment was made. There is, however, another question presented, and
that is as to the lien upon these moneys acquired by the attachment. No lien
upon rents is acquired by the filing of a *lis pendens* against the real estate.
All that could be sold under an execution issued upon a judgment in an action
where real estate had been attached, would be the right, title, and interest of
the judgment debtor in the real estate at the time of the filing of the *lis pen-
dens*. It makes the lien that of a mortgage, and no more. It in no way gives
right of possession; nor is there any way by which rents can be impounded
by reason of such a levy. Even if the rents can be attached before becoming
due, (which it is not necessary to decide here,) it is evident that they can only
be reached by levying upon the lease under which such rents arise; and there
is no pretense that any such levy was made here. If such lease is the subject
of levy, it must be because it is an instrument for the payment of money; and
therefore a levy can only be made by taking the lease into the sheriff's actual
custody. Code Civil Proc. § 649; *Anthony* v. *Wood*, 96 N. Y. 180, by which
the case of *Bills* v. *Bank*, 89 N. Y. 343, is distinctly overruled. These con-
siderations show that there is no such clear right as would entitle the attach-
ing creditors to an order applying this money upon their executions. It is
not necessary to determine the rights of the attaching creditors between them-
selves. The motion should be granted directing the sheriff to pay over this
money to the receiver, with costs against the Columbia Bank, such receiver

to hold the same subject to the order of the court; and no order should be made disposing of the same without due notice to the so-called attaching creditors.