## MACAULEY *v.* SMITH *et· al.*

*(Supreme Court, General Term, Fifth Department.* June 20, 1890.)

ATTACHMENT—PROPERTY SUBJECT TO—EQUITABLE INTEREST.

The owner of land, in consideration of and for the purpose of securing a loan, agreed to execute to defendants H., S., and T. a warranty deed, and said defendants, in consideration of the deed, agreed to advance the money. It was further agreed that the deeds should be security for the loan for a term not exceeding a year, and on repayment of the loan within a year the premises should be reconveyed; but, in case the loan should not be repaid within a year, then the deed was to become a deed absolute, and said defendants were to be owners in fee-simple absolute. Pursuant thereto a deed with the usual covenants of warranty was executed and recorded. The agreement was not recorded. The loan was not repaid within the year, and the owner of the real estate surrendered possession to said defendants, who afterwards sold and conveyed it to a fourth defendant. Thereafter plaintiff commenced an action by publication against said owner as a non-resident, and at the same time levied an attachment on said real estate. Judgment was entered by default. Code Civil Proc. N. Y. § 707, provides that, where a non-resident defendant has not been served within the state with the summons, a judgment by default can be enforced only against property on which an attachment has been levied at the time when the judgment is entered. *Held,* in an action to have the deeds declared mortgages,

and the real estate adjudged subject to the judgment, that after the expiration of the year the original owner had at most an equitable interest, which was not subject to attachment.

Appeal from special term, Monroe county.

Action by Antoinette Macauley against Robert H. Smith and others. From a judgment for defendants plaintiff appeals. Code Civil Proc. § 707, provides that, "where a defendant who has not appeared is a non-resident of the state, or a foreign corporation, and the summons was served without the state or by publication, pursuant to an order obtained for that purpose, * * * the judgment can be enforced only against the property which has been levied upon by virtue of the warrant of attachment at the time when the judgment is entered."

Argued before Dwight, P. J., and Macomber and Corlett, JJ.

*J. Van Voorhis,* for appellant.　*R. Tracy,* for respondents.

Dwight, P. J.　The judgment dismissed the complaint on the merits. The action was in the nature of a creditors' bill to have certain conveyances of real estate by warranty deeds declared to be mortgages, and to have the real estate adjudged to be subject to the lien of a certain judgment recovered by the plaintiff against the grantor in such deeds, and of an execution issued thereon.　The action in which the judgment was entered was for the recovery of money only, and was commenced in August, 1879, by publication of a summons against the defendant therein as a non-resident, and an attachment was at the same time issued against her property, which was in form levied upon the real estate in question.　Judgment by default was entered in that action in July, 1883, and an execution issued thereon to the sheriff of the county where the property was situated, which has never been returned. The facts bearing upon the *status* of the title to the property in question at the time of the commencement of the plaintiff's action, and the issue of the attachment therein, was as follows: On and prior to the 6th day of July, 1871, Lucilia Tracy was the owner and in possession of that property, consisting of two parcels of real estate on Alexander street in the city of Rochester, known as the "Tracy Seminary Property," upon one of which parcels there were two mortgages, of $5,000 and $2,000 respectively.　On the 5th day of July, 1871, she entered into an agreement in writing with the defendants Robert H. Smith and Calvin Tracy and one Slocum Howland, since deceased, (who is represented in this action by the defendants William and Emily Howland, as his executors,) whereby, in consideration of and for the purpose of securing a loan of $8,240, she agreed to execute and deliver to them a good and sufficient warranty deed of both parcels of land above mentioned; and the agreement proceeds as follows: "And the said Howland, Smith, and Tracy, in consideration of, and before the execution and delivery of, said deed, hereby agreed to advance the said sum of $8,240 [in a manner specified] to the said Lucilia Tracy. It is also hereby agreed by and between the parties hereto that the said deed is to be and is a security for said loan for a term not exceeding one year from the date of said deed, which is to be hereafter executed; and that, upon the repayment of said sum of $8,240, with interest, within or at the expiration of said one year, by the said Lucilia Tracy, her heirs, executors, administrators, or assigns, the said Howland, Smith, and Tracy, their and each of their heirs, executors, administrators, or assigns, are to reconvey said premises so conveyed to said Lucilia Tracy, her heirs, executors, administrators, and assigns, free from all incumbrances or liens thereon, except such as exist and are liens or incumbrances upon said premises at the time of the conveyance thereof as aforesaid by the said Lucilia Tracy.　And in case the said sum of $8,240 shall not be repaid during or at the expiration of one year as aforesaid, then it is understood and agreed that the said deed so as aforesaid to be executed by the said Lucilia Tracy is to become and be a deed absolute, and the said Howland,

Smith, and Tracy, or their heirs or assigns, are to become and be the owners thereof in fee-simple absolute. " Accordingly, on the following day Miss Tracy executed and delivered to the other parties to the agreement deeds of the two parcels of land, containing the usual covenants of warranty, which were on the same day duly recorded in the clerk's office of Monroe county, in and by one of which deeds the grantees, as part consideration of the conveyance, assumed the payment of the two mortgages above mentioned. The loan was not repaid, and in December, 1872, the grantor quit and surrendered possession of the premises to the grantees, who remained in possession thereof, by tenants or otherwise, until the 1st of January, 1875, when they sold and conveyed the same to the defendant the New York Baptist Union, for ministerial education, which has ever since been in possession of the premises, claiming title thereto. The agreement of July 5, 1871, was never recorded, and the defendant the Baptist Union, etc., had no notice thereof at the time of its purchase of the property.

It is conceded, on the part of the plaintiff, that her judgment against the grantor in the deeds above mentioned is of no force or effect for the purposes of this action, unless as a judgment *in rem* by virtue of a levy of a the attachment upon the property in question. Code Civil Proc. § 707. It is also in effect conceded that mere equitable assets or interests in property, real or personal, are not subject to the levy of an attachment; but the contention on the part of the plaintiff is that the interest of the defendant in that judgment in the property against which the attachment was directed was the legal title, and not an equitable interest merely; that the conveyances to the defendants Howland, Smith, and Tracy, interpreted in the light of the instrument of defeasance executed between the same parties, were mortgages merely, and did not pass the legal title to the property, but that the legal title, notwithstanding such deeds, remained in the grantor, and was subject to the levy and lien of the attachment issued in the plaintiff's action. This contention, we think, cannot be sustained. The agreement of defeasance which preceded the execution of the deeds, while it provided that the deeds were to be security for the loan, also prescribed the mode and condition of defeasance, viz., by a reconveyance by the grantees upon payment of the loan, with interest, within one year. The deeds were to be and were absolute in form and absolute in effect, subject only to the right of the grantor to have a reconveyance upon repayment of the loan within the time prescribed. There was no undertaking or agreement on the part of the grantor to repay the loan, and no indebtedness was created by the agreement which could have been collected by the grantees in any form of action. The option to repay the moneys and take a reconveyance of the property was a privilege of the grantor, and there was no corresponding option to be exercised by the grantees; they could not tender a reconveyance of the property and demand the repayment of their money.

We do not propose to extend the discussion to any inquiry as to what, if any, rights or remedy the grantor possessed under this agreement, after the expiration of the time within which she might demand a reconveyance; whether, for example, she might after that time have maintained an action to declare the deeds to be mortgages, and for the right to redeem. It seems to us very clear upon the case above stated that, whatever her rights or her remedy, they were of an equitable character, and could be established only by a resort to equity, and that until they were so established she had no legal title or interest in or to the property conveyed which was subject to the levy or lien of an attachment. In *Thurber* v. *Blanck*, 50 N.Y. 80, 87, it was held that, whenever debts and choses in action are so situated as to require the exercise of the equitable powers of the court to bring them within the reach of legal process, they must be treated as equitable assets only, and are not subject to attachment. See, also, *Anthony* v. *Wood*, 96 N. Y. 180. And in this respect we suppose there is no distinction between real and personal property rights and

interests; that where the interest of the debtor in either class of property can be established only by resort to equity it is to be treated, in respect to the application of legal process, as an equitable interest only, and is not subject to the lien of an attachment. Upon the ground so far discussed, we think the complaint in this action was properly dismissed, and that the judgment must be affirmed. Judgment appealed from affirmed, with costs. All concur.