(11 Misc. Rep. 237.)

### GILLIG v. GEORGE C. TREADWELL CO.

(Supreme Court, Special Term, Albany County. February, 1895.)

ATTACHMENT—LEVY—PROPERTY TAKEN INTO ACTUAL POSSESSION.

Under Code Civ. Proc. § 649, providing that a levy on personal property capable of manual delivery must be made "by taking the same into the

sheriff's actual custody," a lien is obtained only on property taken into actual custody; and where a part of a debtor's property is seized under attachment, and afterwards the balance of his property is seized under other attachments, the subsequent attachments are liens on the property seized under them prior to the first attachment, and to an execution issued on the judgment recovered in the first attachment suit.

Action by Henry F. Gillig against the George.C. Treadwell Company. Plaintiff moves to compel the sheriff to apply the proceeds of the property taken by him under attachment suit in favor of other creditors to the payment of an execution issued on attachment obtained by plaintiff. Denied.

Robert G. Scherer and Taylor & Thompson, for plaintiff.

L. G. Reed and Bowers & Sands, for attaching creditors.

Zeb A. Dyer, for the sheriff.

HERRICK, J.   On the 8th day of January, 1894, an attachment was issued in the above-entitled action in favor of the plaintiff and against the defendant, and under it certain personal property was levied upon and taken into the actual custody of the sheriff of Albany county.   Thereafter another attachment was issued in an action wherein the Spraker Bank of Canajoharie was the plaintiff, and the defendant herein was the defendant, and certain other personal property was levied upon and taken into actual custody by the sheriff under such attachment.   A third attachment was subsequently issued against the same defendant in an action in which Hugh J. Grant, as receiver, was the plaintiff, and another portion of the defendant's property was levied upon and taken into actual custody by the sheriff by virtue of said attachment. . The plaintiff herein obtained judgment in the action on or about the 1st day of December, 1894, and thereafter the sheriff sold the property in his hands held by him under said several attachments, and applied the proceeds of that portion thereof levied upon under the plaintiff's attachment to the satisfaction of plaintiff's execution.   It was insufficient to wholly satisfy such execution, and the plaintiff now makes this motion to the court to compel the sheriff to apply the proceeds of the sale of defendant's property levied upon by him under the two other attachments in satisfaction of the plaintiff's execution. Under an attachment the property of the person proceeded against is seized and held in the custody of the law to satisfy any judgment that may be obtained by the plaintiff in such proceeding against the defendant therein.   When property is so attached, no other lien, by execution, attachment, or otherwise, can be obtained upon such property, except in subordination and secondary to the claim of the party procuring the attachment.   The lien of such attachment does not obtain unless the property is taken "into the sheriff's actual custody" (Code Civ. Proc. § 649;[1] Anthony v. Wood, 96 N. Y. 180, 187), and no more property is to be seized by virtue of such attach-

[1] Code Civ. Proc. § 649, provides that "a levy under a warrant of attachment must be made as follows: * * * (2) Upon the personal property capable of manual delivery * * * by taking the same into the sheriff's actual custody."

ment than so much as may be necessary to satisfy the plaintiff's demand, with costs and disbursements (Code Civ. Proc. § 641). In these respects it differs from an execution, which becomes a lien upon all the defendant's personal property in the county to which such execution is issued as soon as it is placed in the sheriff's hands for execution. Now, whether it is held that the lien of an execution, issued in an action wherein an attachment has previously been issued, attaches at the time the execution is issued, or dates back to the levy of the attachment, is of no consequence. If it attaches at the time of its issuance, it can only attach to the property subject to any lien obtained prior thereto. If we hold that it relates back to the time of the levy under the attachment, then it must as of that time become a lien only upon the property attached. In this case the property actually taken into custody of the sheriff by virtue of the plaintiff's attachment has been applied to the satisfaction of his execution, and the lien of the other attachments was obtained prior to the issuing of the execution, and was upon separate and distinct property from that levied upon under plaintiff's attachment, and it must be held to satisfy the claims of the plaintiffs in those actions. The lien of the plaintiff's execution in this action upon property not taken into actual custody by the sheriff under his attachment is subordinate to the claims of the attaching creditors in the other actions referred to, and for that reason the motion of the plaintiff at this time must be denied, with $10 costs, without prejudice, however, to the right of the plaintiff to renew said motion, if in the future the lien of the other attachments should be removed, or the claims of the plaintiffs thereon be satisfied, leaving a surplus. Motion denied, with $10 costs.