FARRELL, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, General Term, First Department. June 14, 1895.) Action by Edward D. Farrell against the Manhattan Railway Company and others. E. A. Tuttle, for appellants. E. M. Felt, for respondent.

PER CURIAM. We do not think that the evidence in this case furnished any foundation for an award of rental damage. The fee value of the premises, however, seems to have been seriously affected by the existence of the elevated railroad in front thereof. And this damage is accentuated by the method of construction of the said elevated road and the manner of its use. The suggestion that if no rental damage is awarded then no fee damage can be allowed is without merit. It depends very largely upon the use to which the premises may happen to be put for the time being as to whether rental damage is suffered or not. Thus, the lot may be used for a coal yard, and the rental damage because of the existence and operation of the elevated railroad would be nothing. And yet, such existence and operation might seriously affect the value of the lot for the purpose of improvement, and hence fee damage be suffered. We think the judgment should be modified by striking out the rental damage, and affirmed as to the fee damage and the costs, without costs of appeal.

FLANNERY, Respondent, v. McLEAN, Appellant. (City Court of New York, General Term. June 25, 1895.) Action by Michael H. Flannery against Colin McLean. J. A. Barratt, for appellant. Ed. Swann, for respondent.

VAN WYCK, J. The plaintiff's contention, by pleading and proof, was his employment by defendant for term of one year, and wrongful discharge before end of term; while defendant admitted such employment and discharge before expiration of term, but contended that such discharge was for just cause. This question, under the proof, as to whether such discharge was wrongful or rightful was properly left for the jury to determine, and they answered that it was wrongful, by returning verdict for plaintiff, and such verdict was justified by the proof, and will not be disturbed here. The defendant took only two exceptions,—one to denial of his motion for nonsuit, and the other to an overruled objection to a question by plaintiff at folio 84, which was, however, properly allowed, and, moreover, was merely a repetition by plaintiff's counsel of the witness' answer to a previous question to which no objection was made. The order and judgment are affirmed, with costs.

FREEDMAN et al. v. CATALANO et al. (Supreme Court, General Term, First Department. June 14, 1895.) Action by Moritz Freedman and another against Pietro Catalano and another. No opinion. Motion granted, with $10 costs.

FREEMAN et al., Appellants, v. UHLIG, Respondent. (City Court of New York, General Term. May 28, 1895.) Action by Edward Freeman and another against Caroline Uhlig. W. W. Westervelt, for appellants. Alfred & Charles Steckler, for respondent.

NEWBURGER, J. This action is brought by the plaintiff to recover from the defendant commissions alleged to have been earned in procuring an exchange of real estate. The answer of the defendant is substantially a general denial. The trial resulted in a verdict for the defendant, and from the judgment entered upon such verdict this appeal is taken. It is claimed by the appellants that the trial justice erred in excluding questions at folios 114, 115, 116, as to conversations between one of the plaintiffs and defendant. We think the questions excluded related to the subject-matter, and were material and pertinent to the issues herein, and were strictly in rebuttal to the testimony of the defendant. The judgment must therefore be reversed, and a new trial granted, with costs to the appellants to abide the event.

GANNON v. COUNTY OF QUEENS. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by Timothy Gannon against the county of Queens, etc. No opinion. Appeal of Timothy Gannon from judgment entered October 25th is dismissed, with $10 costs.

GILLIG, Appellant, v. GEORGE C. TREADWELL CO., Respondent. (Supreme Court, General Term, Third Department. July 6, 1895.) Action by Henry F. Gillig against the George C. Treadwell Company. No opinion. Order affirmed on opinion of special term (32 N. Y. Supp. 974), with $10 costs and disbursements.