### SIMPSON et al. v. JERSEY CITY CONTRACTING CO.

(Supreme Court, Appellate Division, First Department.    January 5, 1900.)

1. **ATTACHMENT—REVERSIONARY INTEREST IN STOCK SUBJECT TO.**
   Where the owner of shares of corporate stock deposited them as security for a loan, his reversionary interest or right to the possession of the stock, upon the payment of the loan, is property, and subject to levy by attachment.

2. **SAME—STOCK OF FOREIGN CORPORATIONS.**
   The last clause of Code Civ. Proc. § 649, subd. 3, providing that a levy under an attachment, when the property consists of a right or share in the stock of an association or corporation, must be made by leaving a certified copy of the warrant, and a notice showing the property attached, with the president, or the head of such association or corporation, or the secretary, cashier, or managing agent thereof, applies only to domestic corporations.

3. **FOREIGN CORPORATIONS—JURISDICTION—STOCK.**
   Where the owner of stock of a foreign corporation had deposited same with a resident of the state, who thereupon actually held same, or the indicia of title which would enable a transferee to acquire title thereto by virtue of such resident's title or right to possession, such stock became subject to the jurisdiction of the state courts.

4. **ATTACHMENT.**
   The question, as to whether or not a certain levy under attachment, made by serving notice on the party claimed to be in possession, is valid, is properly determinable upon proceedings to enforce the levy, and not upon a motion to set aside and vacate the levy, since, if the levy as made was invalid, there was no levy to set aside or vacate.

Appeal from special term, New York county.

Action by Louis M. Simpson and another against the Jersey City Contracting Company.    From an order vacating their levy under attachment, plaintiffs appeal.    Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Alfred B. Cruikshank, for appellants.
Woolsey Carmalt, for respondent.

INGRAHAM, J.    This action was commenced to recover $2,000 for professional services rendered by the plaintiffs to the defendant, a corporation organized under the laws of the state of New Jersey. An attachment was obtained, and, acting under it, the sheriff has attempted to levy upon 3,220 shares of the capital stock of the New Jersey & Pennsylvania Telephone Company, a foreign corporation organized under the laws of the state of New Jersey, the property of this defendant.    It appears that this stock was pledged to the Produce Exchange Trust Company of the City of New York as

security for a loan of money, and that the sheriff, under the warrant of attachment, attempted to levy upon the said stock by serving upon the Produce Exchange Trust Company a notice in the form prescribed by subdivision 3 of section 649 of the Code of Civil Procedure. It appears from the affidavit of the treasurer of the defendant that the said 3,220 shares of stock belong to the defendant, and are now on deposit with the Produce Exchange Trust Company of the City of New York, pursuant to an agreement whereby the same is so deposited as a pledge or security for the payment of a certain note for $2,350, and that such levy was made by serving upon the said Produce Exchange Trust Company, or some of its officers, a notice in the form prescribed by subdivision 3 of section 649 of the Code of Civil Procedure. Subdivision 2 of that section of the Code provides that a levy under a warrant of attachment must be made, upon the personal property capable of manual delivery, by taking the same into the sheriff's actual custody. Subdivision 3 of the same section provides that a levy under a warrant of attachment must be made upon other personal property by leaving a certified copy of the warrant and a notice, showing the property attached, with the person holding the same, or, if it consists of a right or share in the stock of an association or corporation, or interest or profits thereon, with the president or other head of the association or corporation, or the secretary, cashier, or managing agent thereof. In opposition to this motion, an affidavit was submitted on the part of the plaintiffs to show that the sheriff made the levy by serving the certified copy of the warrant, with the proper notice, upon the secretary of the Produce Exchange Trust Company, and that a certificate of the trust company was given to the said sheriff by the said trust company, under section 650 of the Code of Civil Procedure. No copy of the certificate, however, is annexed to the affidavit. It thus appeared that the stock of a foreign corporation was deposited with a resident of this state as security for a loan. That such stock is property, and incapable of manual delivery, is apparent; and it seems that the right of or title to such stock, vested in a person against whom a warrant of attachment has been issued, can be levied upon under an attachment.

The question under consideration is how a valid levy upon such property can be made, under section 649 of the Code. By the transfer of this stock to the Produce Exchange Trust Company as a security for a loan of money, the Produce Exchange Company acquired a special interest in the stock, and became entitled to hold the same as security for its loan. It was thus a person "holding the same," within subdivision 3 of the section before cited. The property has come within this state by the transfer of the shares of stock by the defendant corporation to the Exchange Trust Company as security for a loan of money. The trust company, being in possession of the stock as bailee, became the trustee for the pledgor—First, to pay the debt; and, second, to pay over the surplus to the defendant. Wheeler v. Newbould, 16 N. Y. 398; Gillet v. Bank, 160 N. Y. 552–560, 55 N. E. 272. The defendant has the right of a redelivery of the stock to it upon payment of the loan for which it was held as security; but the title to the stock, or the right to the possession thereof, having

passed to the trust company, who holds it as trustee, the reversion or right to the possession of the stock, upon payment of the loan, is property which is within this state, and I can see no reason why it should not be subject to a levy by attachment. The defendant has subjected this stock to the laws of this state by reason of bringing it here and depositing it with a resident of this state; and the trust company having the evidences of the ownership of the stock in its possession, and by a transfer of such indicia of title or ownership to a sheriff, after payment of the amount loaned, for which the stock was held as security, a good title to the stock would be transferred to a purchaser from the sheriff, under an execution to be issued in a judgment in this action, if one should be obtained. The last clause of subdivision 3 of section 649 of the Code applies only to domestic corporations. It was so expressly held in Plimpton v. Bigelow, 93 N. Y. 592. As was said by the court in that case:

"It would scarcely be expected that the courts of another state would recognize a title to corporate stock in one of its own corporations, founded upon a sale upon an attachment issued by our courts against a nonresident, when the only semblance of jurisdiction over the property was the service of notice in the attachment proceedings, upon an officer or agent of the corporation here. * * * We are therefore of the opinion that the fundamental condition of attachment proceedings, that the res must be within the jurisdiction of the court in order to an effectual seizure, is not answered in respect to shares in a foreign corporation by the presence here of its officers, or by the fact that the corporation has property and is transacting business here, and that section 647 must be construed as applying to domestic corporations only."

It is quite evident that the court here was speaking of the last clause of section 649 of the Code, and not of a case where the owner of stock of a foreign corporation had deposited with a resident of this state, who then actually held the stock, or the indicia of title which would enable a transferee to acquire a valid title to the stock, by virtue of a title or right to possession actually vested in a resident of this state, over whom the court has jurisdiction. In such a case, the stock itself is here. The court does not get jurisdiction over the property by service of a notice in the attachment proceedings upon an officer or agent of the foreign corporation, but obtains jurisdiction over the property, namely, the stock, by serving an attachment upon the person in whose possession the stock actually is and who is a resident of this state. The affidavit upon which this motion is made, as before stated, expressly states that these 3,220 shares of stock belong to the defendant, and are now on deposit with the Produce Exchange Trust Company of the City of New York, and, such stock being thus on deposit in the state of New York, the court had jurisdiction over the stock itself, and could acquire a title to the stock by seizing upon the res, namely, the stock, and transferring it to satisfy any judgment to be paid in this action. The cases cited from other states, in which it was held that the seizure of a stock certificate is not sufficient to give the court jurisdiction over the res,—the stock itself,—do not apply. In this case the defendant has seen fit to deposit the stock with a resident of the state of New York, and the stock thus held in the state of New York is subject to the jurisdiction of the court. But, assuming that the question as to whether or not the plaintiffs have

obtained a valid levy upon the stock is doubtful, I do not think that question should be determined upon this motion. To succeed upon this motion, the defendant was bound to make it appear that the levy was voidable or void. The sheriff has not attempted to take possession of the stock from the trust company, but has simply served a notice required by the Code for the purpose of attaching the right of the defendant to the stock, so far as that right is capable of levy under such attachment. That this is a proper proceeding, where personal property is held by a pledgee as collateral security for a sum of money, was settled by Warner v. Bank, 115 N. Y. 251, 22 N. E. 172. By the service of the copy of this warrant of attachment upon the trust company, there was either a valid levy, or the notice was ineffectual for any purpose. If the service of such a notice was ineffectual, there was no levy to set aside or vacate. If there was a valid levy, or the notice was effectual in any way to bind such stock, such levy should not be set aside upon notice. Where a sheriff takes possession of property belonging to a nonresident defendant under an attachment, and where the property was not subject to such levy, the only way that the property can be released is by a motion to set aside the levy; but where, as here, all that has been done would be to serve a notice upon a person claimed to be in possession of the property of the defendant, and where a question is presented as to whether or not the sheriff is entitled to levy upon that property, the effect of that notice can be much better determined upon proceedings to enforce the levy than to set it aside.

I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

O'BRIEN, J., concurs; RUMSEY, J., on first ground.

VAN BRUNT, P. J. I am of the opinion that no valid levy was or could be made upon the stock in question (In re Whiting's Estate, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232), and therefore no motion was necessary to be made to set aside a levy which never existed. I concur in the result for the above reason.