(39 Misc. Rep. 157.)

### FISKE v. PARKE.

(Supreme Court, Special Term, New York County. October, 1902.)

**1. ATTACHMENT—SUFFICIENCY OF LEVY.**

A judgment in attachment for money only was recovered against defendant without personal service of summons within the state. The sheriff, instead of taking into his custody a bond and mortgage due the defendant under his attachment writ, as he was required to do by law, accepted a certificate of the mortgagor as to his indebtedness in the sum named in the certificate. There was no proof that the bond and mortgage were within the state at the time of the levy. *Held*, that the levy was insufficient.

**2. SAME—MORTGAGE DEBT.**

For purposes of attachment, a debt secured by bond and mortgage does not exist apart from the securities which represent it.

Action by John B. Fiske against Mary E. Parke. Judgment for plaintiff. Motion to vacate the judgment granted.

D. F. Toumey, for plaintiff.

Moses & Morris, for defendant.

HALL, J. The defendant moves to vacate a judgment rendered against her in an action for the recovery of a sum of money on the ground that no personal service of the summons has been made upon her in this state, and that no valid levy has been made upon any property belonging to her in this state under the warrant of attachment issued in this action. The pretended levy upon accruing income of a trust estate, in which income defendant had an interest, was clearly insufficient to sustain the judgment; the trustee of the estate upon whom the warrant was served having certified that there was no income of the trust estate in his hands at the time of such service to which defendant was entitled. The main contention of plaintiff in support of the judgment is that a valid levy was made under the warrant by the sheriff of Kings county upon a debt owing to plaintiff by one W. A. A. Brown, and upon the sufficiency of this levy the validity of the judgment depends. It appears that a copy of the warrant was served upon Brown, and he certified that he was indebted to the defendant in the sum of $7,000, secured by a bond and a mortgage upon real estate in Kings county. The sheriff did not take actual possession of the bond and mortgage, nor does it appear from his return whether such bond and mortgage were in this state or not. The plaintiff contends that the levy was upon the debt, and that the debt existed aside from the security, and also that the section of the Code referring to levies upon bonds was intended to refer to such as were negotiable by delivery,—such as railroad bonds, etc.,—and not to

bonds secured by mortgages upon real estate. The levy upon the debt could not avail the plaintiff. The sheriff could not collect the debt unless he had the securities. As to the latter contention of plaintiff, it is only necessary to say that the court of appeals has settled the law upon that question many years since, and in a case involving precisely the same questions here presented. Anthony v. Wood, 96 N. Y. 180. That was a case where the sheriff attempted to levy upon a note secured by a bond and mortgage by simply serving the warrant upon the debtor and demanding the securities, and he afterward obtained possession of the securities; but after the first pretended levy had been made, and before he obtained possession of the securities, they had been assigned by the debtor. The court held that the first levy was ineffectual, and that the subsequent assignment was valid. The court says at page 187:

"It [the levy] must be 'by taking the same into the sheriff's actual custody,' who must thereupon, without delay, deliver to the person from whose possession the property is taken, if any, a copy of the warrant and of the affidavits upon which it was granted. No other mode is prescribed. Nothing else will constitute the levy. Until the officer has obtained the actual custody, he has made no levy, and can make none. He is armed with power to get such custody. He may proceed by action or special proceeding to reach that result, but until he has reached it he has made no levy, and can make none. We have nothing to do with the wisdom of the rule. We can only enforce it as it is plainly written. It follows that neither before nor after the assignment did the sheriff acquire any title to or lien upon the note or bond and mortgage."

The doctrine laid down in that case has never been modified or criticised by the court, but has been approved in cases since decided. Plaintiff's counsel cites a number of cases which hold that, where securities of the debtor have been pledged, service of the warrant upon the pledgee, without taking actual possession of the securities, has been held a good levy, and seeks to draw a parallel between such cases and the one now before the court, but the distinction is clear. In the case of pledged securities the pledgee is entitled to possession of the securities until the amount of the pledge is repaid, and the levy is not then made upon the securities, but upon the interest or equity of the pledgor therein. It follows that the order for judgment and the judgment in favor of plaintiff must be vacated and set aside, with $10 costs.

Judgment vacated and set aside, with $10 costs.