(91 App. Div. 109.)

### HARDON v. DIXON et al.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. ATTACHMENT—SUFFICIENCY OF LEVY—PROMISSORY NOTE—INTERVENING LIEN.

Notwithstanding Code Civ. Proc. § 649, subd. 2, providing that a levy under a warrant of attachment shall be made on personal property capable of manual delivery, including a promissory note, by taking the same into the sheriff's actual custody, such a levy on a note in the hands of a pledgee is sufficient where notice is served on the pledgee and the note permitted to remain in his hands, and the fact that the levy is stated to be made on the note rather than on the pledgor's equity therein is immaterial.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by Henry W. Hardon against William P. Dixon and another. From a judgment for defendants entered on the dismissal of plaintiff's complaint at the close of the case, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

H. W. Hayward, for appellant.

Wheeler H. Peckham, for respondents.

HATCH, J. The appeal in this case presents but a single point. The action was brought by the plaintiff as assignee of Thomas W. Robertson, and Thomas J. Dunn, the then sheriff of the county of New York, under section 677 of the Code of Civil Procedure, in aid of an attachment, to recover upon three promissory notes, only one of which is presently enforceable, as the statute of limitations has run against two. The point which the appeal presents relates to the validity of a levy claimed to have been made under the attachment, it being claimed that the levy was invalid and ineffectual to secure any lien upon the promissory note in question or any of its proceeds.

It is averred in the complaint that the note claimed to have been levied upon was, at the time of such levy, in the possession of the New York Produce Exchange Safe Deposit & Storage Company, which had and claimed a lien thereon at the time of the levy. Upon this subject the complaint avers:

"That on October 3, 1894, in the above-mentioned action, * * * a warrant of attachment was duly issued out of this court whereby the then sheriff of said county of New York was directed to attach and keep all the property of said Ongley Electric Company within the county of New York, and that thereunder the then sheriff attached the said promissory notes hereinafter mentioned by leaving a certified copy of said warrant, and a notice showing the property attached, with the said New York Produce Exchange Safe Deposit & Storage Company, within the county of New York, and that thereafter the said New York Produce Exchange Safe Deposit & Storage Company furnished a certificate to the then sheriff of the county of New York, stating that it had at the time of the levy under the warrant as aforesaid a lien for unpaid storage on the property of the said Ongley Electric Company so deposited as aforesaid, a part of which was the promissory notes hereinafter mentioned, and that by the said levy the said sheriff acquired the title to the said promissory notes subject to the lien as aforesaid, and that the defendants herein had notice of the said levy."

¶ 1. See Attachment, vol. 5, Cent. Dig. § 481.

The averment of the complaint as to the levy of the attachment was not denied by the answer; consequently, if the acts therein alleged to have been done constituted a valid levy, then it was error for the court to dismiss the plaintiff's complaint. Section 649 of the Code of Civil Procedure provides how a levy under a warrant of attachment shall be made, subdivision 2 of which reads:

"Upon the personal property capable of manual delivery, including a bond, a promissory note, or other instrument for the payment of money, by taking the same into the sheriff's actual custody."

The claim is that by virtue of this provision no valid levy of an attachment can be made upon a promissory note unless the officer at the time takes actual physical possession of the note. This undoubtedly is the rule where the property is that of the defendant, and there is no intervening obstacle to prevent actual delivery of the instrument. Then it must be taken into the actual possession of the officer or no levy is made. Anthony v. Wood, 96 N. Y. 180. But where the note, or other property mentioned in the subdivision of the Code, to which we have called attention, is subject to the intervening rights of third parties, which gives to such parties the legal custody of the security for the protection of a lien or right held by them, then the levy may be made upon the interest of the defendant in the security, and such levy will be effectual to vest in the attaching creditor all of the interest which the defendant has in and to the security, and he becomes entitled to the surplus realized upon a sale of the property or collection of the money secured to be paid by the instrument, even though the note at no time be taken into the actual custody of the officer. This rule is now well settled by authority in this state, and the question may not be regarded as an open one. In Warner v. Fourth Nat. Bank of N. Y., 44 Hun, 374, the presiding justice of this court (then the presiding justice of the General Term), writing for the court, held that under the provisions of the section of the Code to which we have called attention no valid levy of an attachment upon a promissory note could be made unless the officer at the time of making the levy took the securities into his actual possession. In that case the levy of the attachment was made upon a promissory note in precisely the same manner as the levy was made in the present case, and the averment of acts constituting the levy in the complaint therein were in all substantial respects the same as in the complaint in this case. See printed case on appeal. There, as here, the bank having the custody of the property had a lien thereon, so that the officer could not compel a surrender to him of the note, and the learned presiding justice, in answer to the claim that the officer making the levy had done all that it was possible for him to do, said: "The difficulty seems to be that it is not so denominated in the bond, and no argument can repeal the express wording of the statute." That case and the present cannot be distinguished. They are exactly parallel cases, and if the doctrine of that decision was the law of this state at this time we should be compelled to affirm this judgment. Upon appeal to the Court of Appeals, however, the Warner Case was reversed (115 N. Y. 251, 22 N. E. 172), the court holding that the construction which had been placed upon the Code provision was too literal; that as the pledgee of the note had right to its posses-

sion, and with it the right to collect the full amount of the sum secured to be paid thereby, it could exercise such right; but that the surplus over and above a sum sufficient to discharge the lien was the property of the defendant, and, even though such interest was intangible, it was, nevertheless, the subject of levy by attachment within the Code provisions, and that the levy in form as made was sufficient to vest in the levying creditor under the attachment the interest of the defendant in the surplus of the proceeds of the note after the lien of the pledgee should be discharged. A similar question arose in Simpson v. Jersey City Contracting Co., 47 App. Div. 17, 61 N. Y. Supp. 1033, which was a levy upon shares of the capital stock of a foreign corporation which had been pledged to a trust company in the city of New York. Two questions were considered: One, whether the stock was the subject of a levy by attachment, and it was held under the circumstances presented that it was; second, whether a valid levy by attachment could be made of it without taking the actual custody of the stock by the officer making the levy. The last question the court did not determine. Upon that subject Mr. Justice Ingraham, among other things, said:

"The sheriff has not attempted to take possession of the stock from the trust company, but has simply served a notice required by the Code for the purpose of attaching the right of the defendant to the stock so far as that right is capable of levy under such attachment. That this is a proper proceeding where personal property is held by a pledgee as collateral security for a sum of money was settled by Warner v. Fourth Nat. Bank, 115 N. Y. 251, 22 N. E. 172. By the service of the copy of this warrant of attachment upon the trust company there was either a valid levy or the notice was ineffectual for any purpose."

Upon appeal to the Court of Appeals the court affirmed the order (165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796), holding that the levy of the warrant of attachment was good, even though the actual custody of the stock was not taken. There was a division of the court in that case, arising out of the claim that the record did not show the pledgor's assignment of the stock to the trust company, and therefore that the stock of the corporation could not be said to have been transferred, but there was no division in the court concerning the question we are now considering. Judge Landon, who delivered the dissenting opinion (with whom Judge O'Brien concurred), in speaking of Warner v. Fourth Nat. Bank, supra, said:

"That was a case of a levy upon the pledgor's interest in certain promissory notes pledged by a nonresident to a resident pledgee as collateral to a loan. The levy was not upon the notes themselves, and thus the sheriff was not required to take possession of them, but upon the pledgor's intangible right to redeem the notes, or to receive from the pledgee the surplus in his hands after satisfying his lien upon them, and thus the levy was properly made—in the same manner as in the case before us—under subdivision 3 of section 649 of the Code, by leaving a certified copy of the warrant, and a notice showing the property attached, with the resident pledgee."

See, also, Clarke v. Goodridge, 41 N. Y. 210; Dunlop v. Patterson Fire Ins. Co., 74 N. Y. 145, 30 Am. Rep. 283.

The defendants seek to distinguish Warner v. Fourth Nat. Bank, supra, upon the ground that the levy of attachment, where there is an intervening lien, must be upon the intangible interest, as such, remaining in the defendants, the owners of the note; that in fact such

a levy is not upon the note, but upon the intangible interest; that the levy in the present case is not upon such intangible interest, because in terms it is stated to be upon promissory notes and nothing else. The answer to this claim is that the levy in that case was made in precisely the same form and manner as was the levy in this case. The naming of the thing levied upon is not controlling. The effect of the act itself attaches the lien of the attachment to the interest of the defendant in the property. The distinction lies not in naming the interest levied upon, but in the fact that the intangible interest exists, and the security is not capable of manual delivery to the officer, because it is subject to the legal custody of another. Under such circumstances, the lien attaches to the interest even though the statement be that the note is levied upon. If we are correct in this conclusion, it follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

McLAUGHLIN and LAUGHLIN, JJ., concur.

INGRAHAM, J. I dissent from the reversal of this judgment. There was no evidence that a notice was served by the sheriff of New York upon the New York Produce Exchange Safe Deposit & Storage Company, which complied with subdivision 3 of section 649 of the Code of Civil Procedure, and the right of the plaintiff to recover depends upon the allegation of the complaint that "thereunder the then sheriff attached the said promissory note hereinafter mentioned by leaving a certified copy of said warrant and a notice showing the property attached with the said New York Produce Exchange Safe Deposit & Storage Company within the county of New York." This allegation, not being denied, stands admitted.

To obtain a valid levy under the warrant of attachment, under subdivision 3 of section 649, the sheriff must serve a certified copy of the warrant, and a notice showing the property attached, upon the person holding the same. The property claimed to have been attached was the interest of the defendant, in the action in which the warrant of attachment had been issued, in the property in the possession of the deposit and storage company; and, to constitute a valid levy, the notice must specify the property upon which the sheriff seeks to levy. The allegation of this complaint follows the language of the Code; but the Code requires that the notice should show what specific property was attached, and this allegation does not state what property the sheriff sought to attach. To make a valid levy, the notice must specify the property; and it is not alleged that the notice served with the warrant of attachment did specify any property. It could not be ascertained from this allegation what property was specified in the notice; and therefore the notice as alleged was not, I think, sufficient to comply with this provision of the Code.

In Simpson v. Jersey City Contracting Company, 47 App. Div. 17, 61 N. Y. Supp. 1033, it is stated in the opinion that the sheriff attempted to levy upon the stock held by the trust company a notice in the form prescribed by subdivision 3 of section 649 of the Code of Civil Procedure. On turning to the record in that case, it appears

that in the affidavit upon which the motion to vacate the levy was made it was alleged that "such attempted levy has been made, as I am informed and verily believe, by serving upon the said Produce Exchange Trust Company or some of its officers a notice in the form prescribed by subdivision 3 of section 649 of the Code of Civil Procedure." There was in that case, therefore, no question as to the sufficiency of the notice served by the sheriff, and that such notice was sufficient is assumed both in the opinion of this court and in the Court of Appeals. 165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796.

In order to sustain this action, the plaintiff must prove that the notice served with the warrant of attachment was the notice prescribed by subdivision 3 of section 649 of the Code; and I do not think this allegation of the complaint is sufficient to show that the notice that was served did describe the property that was attached, namely, the interest of the defendant, in the action in which the attachment was issued, in the property in possession of the deposit and storage company.

VAN BRUNT, P. J., concurs.