HENRY WARNER, as Assignee, etc., Respondent, *v.* THE FOURTH NATIONAL BANK et al., Appellants.

Where commercial paper has been pledged by the owner as security for an indebtedness, while the debt remains undischarged, the pledge belongs to the pledgee, the pledgor having simply the right to receive the surplus of the proceeds of collection after satisfying the pledgee's claim.

This right is property and is the subject of attachment, as a demand against the person, within the meaning of the provisions of the Code of Civil Procedure (§ 649).

Such property, however, being intangible, is incapable of manual delivery, and the sheriff, in order to make an effectual levy, is not required to take possession of the pledged securities, the levy may be made "by leaving a certified copy of the warrant and a notice showing the property attached" with the person against whom the demand exists, *i. e.*, the pledgee.

*Warner* v. *Fourth Nat. Bk.* ( 44 Hun, 374) reversed.

(Argued June 3, 1889; decided October 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 13, 1887,

which reversed a judgment in favor of defendant, entered upon a trial at Special Term and ordered a new trial.

This action was brought by plaintiff as assignee of the Penn Bank. The complaint alleged, in substance, that said bank transferred to defendant, the Fourth National Bank, a large amount of negotiable securities, consisting of promissory notes and bills of exchange, as security for a loan; that said defendant collected the same, realizing a sum in excess of the loan, which it refused to pay over to plaintiff as assignee; that defendant Davidson, late sheriff, etc., made a claim to said fund; that thereupon, on application of the bank, defendant, said Davidson, was brought in as a party defendant; plaintiff claimed judgment for the excess remaining after canceling the loan. Defendant Davidson claimed the fund in question by virtue of an alleged levy under a warrant of attachment against the Penn Bank, delivered to him as sheriff, which levy was made by serving upon and leaving with the defendant bank a certified copy of the warrant of attachment and therewith a notice showing the property levied upon, and demanded a certificate as required by the Code of Civil Procedure.

The facts are sufficiently stated in the opinion.

*David Willcox* for appellants. An attachment reaches and becomes a lien upon such debts as, at the time of the levy, belong to the debtor by a legal title and for the recovery of which he could maintain an action at law. (*Thurber* v. *Blanck*, 50 N. Y. 80; *Castle* v. *Lewis*, 78 id. 137; *Anthony* v. *Wood*, 96 id. 180; *Hankinson* v. *Page*, 31 Fed. Rep. 184.) Negotiable instruments transferred and delivered to a creditor of the holder as collateral security for a debt are pledged, not mortgaged. (*McLean* v. *Walker*, 10 Johns. 471; *Garlick* v. *James*, 12 id. 149; *White* v. *Platt*, 5 Denio, 269; *Wheeler* v. *Newbould*, 16 N. Y. 392; *Lewis* v. *Graham*, 4 Abb. Pr. 106.) Where property is pledged the title remains in the pledgor. (*Bryan* v. *Baldwin*, 52 N. Y. 232; *Lawrence* v. *Maxwell*, 53 id. 19; *Stowell* v. *Otis*, 71 id. 36, 39; *Brownell* v. *Hawkins*, 4 Barb. 493; *Patterson* v. *Perry*, 10 Abb. Pr.

82, 92; *Farwell* v. *I. & T. Bk.*, 90 N. Y. 483, 488, 490; *Wheeler* v. *Newbould*, 16 id. 398; *Cont. Bk.* v. *Townsend*, 87 id. 8; *Boyd* v. *Cummings*, 17 id. 101; *Grocers' Bk.* v. *Penfield*, 69 id. 502; *Bank* v. *Vanderhorst*, 32 id. 559; *Wilson* v. *Little*, 2 id. 443, 447.) Instruments for the payment of money are subject to attachment, and a levy of an attachment thereon is deemed a levy upon and seizure of the debt represented thereby. (Code, § 648; *McGinn* v. *Ross*, 11 Abb. Pr. [N. S.] 20; 33 Supr. 346; *Rushton* v. *Ross*, 64 Pa. St. 43.) The Code provides for the attachment of choses in action other than instruments for the payment of money. (Code, §§ 684, 649.) As this right to receive the surplus collected was a chose in action of a legal nature it came within this provision of the Code. (*Dunlop* v. *Patterson Ins. Co.*, 74 N. Y. 145, 148, 149; *First Nat. Bk.* v. *Dunn*, 97 id. 149; *R. L. Works* v. *Kelley*, 88 id. 234; *Patterson* v. *Perry*, 5 Bosw. 518; 10 Abb. Pr. 82; *Waverly Coal Co.* v. *McKennan*, 3 East. Rep. 404; *Brownell* v. *Carnley*, 3 Duer, 9; *Kuhlman* v. *Orser*, 5 id. 242; *Pierce* v. *Carleton*, 12 Ill. 358; *Lightner* v. *Steinagel*, 33 id. 510; Kneeland on Attachments, § 316.) When the negotiable instruments are already pledged for a debt they come within the description of personal property incapable of manual delivery. (Code, § 649, subd. 3; *Clarke* v. *Goodridge*, 41 N. Y. 210, 214; *Brownell* v. *Carnley*, 3 Duer, 9.) In any event, the Penn Bank had a contract right to receive from the American Exchange Bank any surplus collected. This is the right which is reached and held by an attachment against the pledgor. (*Dunlop* v. *Patterson Ins. Co.*, 74 N. Y. 145; *Brownell* v. *Carnley*, 3 Duer, 9; *Patterson* v. *Perry*, 5 Bosw. 578; 10 Abb. Pr. 82, 96.)

*James Watson* for respondents. If, at the time the sheriff left a copy of the warrant with the American Exchange National Bank, the legal title to the notes and bills was in the Penn Bank, no lien was acquired, because he did not take the same into his "actual custody." (Code Civ. Pro. §§ 648, 649;

*Anthony* v. *Wood*, 96 N. Y. 180; *Stief* v. *Hart*, 1 Com. 20; *Bakewill* v. *Ellsworth*, 6 Hill, 484; Code Civ. Pro. § 1412.) The legal title to the negotiable paper was in the American Exchange National Bank at the time the sheriff served the copy of the warrant and notice, and, therefore, no lien was effected. (*Bank of N. Y.* v. *Vanderhorst*, 32 N. Y. 553, 557; *Bank of Chenango* v. *Hyde*, 4 Cow. 567; *Bank of Rutland* v. *Buck*, 5 Wend. 66; *Boyd* v. *Cummings*, 17 N. Y. 101; *Grocers' Bk.* v. *Penfield*, 69 id. 502; *Con. Nat. Bk.* v. *Townsend*, 87 id. 8; *Wheeler* v. *Newbould*, 16 id. 399; 1 Daniel on Negotiable Inst. § 833; Story on Bailments, § 321; *Wilson* v. *Little*, 2 Coms. 446, 447; 2 Parsons on Contracts [6th ed.] 446, 447; Jones on Chattel Mort. § 4.) The legal title being in the American Exchange National Bank at the time when the warrant was served, the rights or interest of the Penn Bank, in respect to the securities, were purely equitable and contingent, and no lien can be obtained upon such rights under a warrant of attachment. (*Lawrence* v. *Bk. of Republic*, 35 N. Y. 320; *Thurber* v. *Blanck*, 50 id. 80; *Anthony* v. *Wood*, 96 id. 180; Drake on Attachments, §§ 547, 551.) The case at bar is one for which the legislature has not made provision, and whether such omission was wise or unwise, it is not within the province of the court to inquire. (*Republic of Honduras* v. *Oceanic Co.*, 112 N. Y. 315.)

GRAY, J. . The question, to which our attention is directed by this appeal, is as to what constitutes an effectual levy, under a warrant of attachment, upon personal property, consisting of promissory notes and other similar securities, negotiable in their nature, and which are held under pledge for the security of a debt. Here the appellant, a New York bank, having a claim against the Penn Bank, a Pennsylvania corporation, brings an action upon it and attaches, *in limine*, property of the Penn Bank, in the possession of the American Exchange Bank, in New York. To secure repayment to the latter bank of a loan of money made by it, the Penn Bank had deposited with it commercial paper to an amount in

excess of the amount of the loan. Upon perfecting judgment in its action the Fourth National Bank endeavored to collect it by execution out of the attached property. But, meanwhile, the Penn Bank has failed and made an assignment to this respondent, for the benefit of creditors, and he claims that the attachment was ineffectual to confer any rights to, or to vest any interest in, the pledged property. After the American Exchange Bank had collected the securities pledged with it, and had made application of the proceeds to the satisfaction of its loan, a surplus remained in its possession, and it is that surplus which is sought to be recovered in the present action by the assignee of the Penn Bank. The General Term, reversing the judgment of the Special Term, have sustained his right to recover the surplus proceeds arising from the collection of the pledged property, and their decision is based upon the proposition that, as the sheriff did not take into his actual custody the property attached, no effectual levy was made, and, consequently, no lien was acquired upon it. They seek to justify the proposition by reference to the provisions of the Code of Civil Procedure, prescribing the mode of levy under a warrant of attachment. Those provisions (see sections 648, 649 and 650), we think, have been too literally construed, and the able and careful judge who spoke for the General Term erred in supposing that no other construction is possible than that given. It, undoubtedly, is intended by the Code provisions that, where the levy is upon personal property belonging to the defendant, which is capable of manual delivery, the sheriff must take it into his actual custody in order to perfect the levy. As the General Term opinion concedes, the case of *Anthony* v. *Wood* (96 N. Y. 180), was one where the property attached was the defendant's absolutely, and there was no reason why the explicit requirement of the Code should not have been met by the sheriff's taking the bond and mortgage under his levy. If, in the present case, the securities attached were the absolute property of the Penn Bank, there could be no question but that the levy was ineffectual; but such was not the fact. The

American Exchange Bank, as pledgee, was entitled to the possession of the pledged property, so long as the debt subsisted, for the payment of which it was pledged. The title to property may remain in the pledgor, but the pledgee has a lien, or special property in the pledge, which entitles him to its possession against the world. Under a pledge of such property as commercial paper, the title so far passes as to clothe the pledgee with power to collect it as it falls due, and the money thus collected stands in the place of the paper. (*Farwell* v. *Importers, etc., Bank*, 90 N. Y. 483.)

In such a case, the pledgee's position invests him with the authority to do all acts, which are necessary and usual on the part of the holders of commercial paper. His rights are subject at all times, of course, to the pledgor's right to have back his property, upon payment of the loan, and the pledgee can be compelled to account for his acts and to pay over any surplus, or to return any of the property remaining after payment of the debt.

In this case, what was the subject of the attachment was this right of the Penn Bank to compel its pledgee to account to it as to the pledged paper, and to receive the surplus of the proceeds of collection, after satisfying the pledgee's claim for advances. That right is a chose in action, and, in the nature of things, is intangible. It is the subject of attachment as a demand against the person, within the spirit of the language of the Code. While the debt remains undischarged the pledge belongs to the pledgee, and, while held by him, the pledgor's title is subject to the pledgee's lien and right of possession; but the pledgor's residuary interest in the pledge constitutes a claim or demand upon the pledgee, which is property, and hence may become the subject of attachment. But such property, being intangible, is, naturally, incapable of manual delivery. The very language of the third subdivision of section 649, in mentioning a "demand other than as specified in the last subdivision," involves the understanding that the demand may as well consist in some right in or to the pledged

property, at law or in equity, as of a claim for its immediate possession.

The legislature does not, in my opinion, contemplate any such violation of the rights of a pledgee of property, as would be done if a sheriff, by virtue of the Code provisions, could wrest from the pledgee the property, the possession of which had been transferred to him by its owners ; nor any denial of the creditor's right to hold, through attachment proceedings, any property or interests of his debtor, because in the possession of a pledgee, and hence lying in the region of demand and beyond physical grasp.   To hold such a view, it seems to me, is unnecessary, and involves a subversion of those principles of construction, which demand that a statute shall be reasonably construed and in such a way as to produce wise and just results.   That the intention of the legislature was to require the sheriff to take actual custody of the defendant's personal property, in levying under attachment, is obvious ; but that an intention is imputable to it that such a seizure should be made, where the property proceeded against is not absolutely the defendant's, cannot be maintained. Section 650 of the Code, indeed, evidences a contrary intention, for it is there provided that " upon the application of a sheriff holding a warrant of attachment   *   *   *   a person holding property, including a bond, promissory note or other instrument for the payment of money belonging to the defendant, must furnish to the sheriff a certificate under his hand, specifying   *   *   *   the amount, nature and description of the property held for the benefit of the defendant, *or of the defendant's interest in property so held*, or of the debt or demand owing to the defendant as the case requires."

Does not this provision contemplate the very case of a third person having the possession, under some claim or right, of the property of the defendant, which he is not obliged to yield, and which the sheriff may sufficiently cover by his levy, so as to protect to the plaintiff in attachment the defendant's residuary interest or other claim?   I think so, and, in so hold-

ing, we give a reasonable effect to the legislative enactment and sanction no unjust or inconvenient result.

We think the attachment in question here operated to secure to the Fourth National Bank a lien upon the pledged property, to the extent of the interest of the Penn Bank, and that interest was the right to the pledged property, or so much of it, or of its proceeds from any collection, as remained after the satisfaction of the pledgee's claim for advances. This right, being a demand or chose in action, was personal property, incapable of delivery; but, through the levy of the sheriff, the plaintiff acquired such a lien upon whatever might become due to the Penn Bank from its pledgee, the American Exchange Bank, as to entitle it now to the surplus in the pledgee's hands.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur.

Order reversed.