In the Matter of the Transfer Tax upon the Estate of HARRY C. HALLENBECK, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; JOHN J. HALLENBECK, as Ancillary Executor, Respondent.

Transfer tax — non-resident decedent — stock pledged in this state as collateral security to a loan — pledged stock an asset of decedent's estate, subject to the transfer tax, and debt a liability of the estate — duty of ancillary executor to pay such debt and take back the stock.

1. Where a non-resident of the state, whose will has been admitted to probate in the state of his domicile, upon which ancillary letters testamentary have been issued to an executor in this state, had before his death pledged shares of the stock of a domestic corporation to another domestic corporation as collateral security for a loan, he remained the owner of the stock and upon his death the title thereto passed to his executor. The value of the stock should be added to his estate and is subject to the transfer tax, since the tax is upon the transfer of the property as it existed at the time of decedent's death and not upon the property. While the pledgee has a lien upon the stock for the amount of its loan and the debt is a liability of decedent's estate, the estate retains a proprietary interest in the stock and may have it back on payment of the loan.

2. The indebtedness to the pledgee being an indebtedness against the whole estate and not against the pledged assets only, the ancillary

executor is under obligation to pay such debt before he remits the ample assets he finds in this state to the foreign jurisdiction. It will not be assumed that he will refuse to pay the debt and leave the creditor to enforce its claim against the collateral, or that the stock will be applied to the indebtedness. (*Matter of Ames*, 141 N. Y. Supp. 793, 795, overruled; *Matter of Pullman*, 46 App. Div. 574, limited.)

*Matter of Hallenbeck*, 195 App. Div. 381, reversed.

(Argued June 7, 1921; decided July 14, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 7, 1921, which modified and affirmed as modified an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of Harry C. Hallenbeck, deceased.

*William W. Wingate* for appellant. The decision made by the Appellate Division and the order appealed from is founded upon an erroneous conception of the law of pledge. (*Wood v. Fisk*, 215 N. Y. 233; *Goelet v. Bank of America*, 160 N. Y. 549; *Smith v. Savin*, 141 N. Y. 315; *Fairbanks v. Sargent*, 117 N. Y. 320; *Warner v. Fourth Nat. Bank*, 115 N. Y. 251; *Simpson v. Jersey City Contracting Co.*, 165 N. Y. 193; *Farwell v. Importers, etc., Nat. Bank*, 90 N. Y. 483; *Matter of Mills*, 125 App. Div. 730; *Brown v. Leary*, 100 App. Div. 421; *F. Nat. Bank of Waterloo v. Bacon*, 113 App. Div. 617; *F. Nat. Bank v. Exchange Nat. Bank*, 179 App. Div. 22; *Brown v. Bronson*, 93 App. Div. 312; *Hoffman House v. Stokes*, 50 App. Div. 163; *Lehmeyer v. Provident Loan Society*, 31 Misc. Rep. 719.)

*Samuel Crook* for respondent. The transfer is imposed upon the transfer of property as it existed at the date of testator's death. (*Matter of Penfold*, 216 N. Y. 163; *Matter of Vassar*, 127 N. Y. 1; *Matter of Ramsdill*, 190 N. Y. 492; *Matter of Westurn*, 152 N. Y. 93.) The

Appellate Division was right in modifying the order of the surrogate by deducting from the assets of the estate the sum of $142,750, the value of the pledged stock of the Hallenbeck-Hungerford Realty Corporation, and by deducting from the liabilities of the estate the sum of $150,000, the amount of the debt for which said stock was pledged, and in assessing the tax correspondingly. (*Matter of Pullman*, 46 App. Div. 574; *Matter of Grosvenor*, 124 App. Div. 331; 193 N. Y. 652.)  At the time of his death the testator's interest in the pledged stock was his right of redemption, which right alone was taxable and which right was of no value.  (*Matter of Pullman*, 46 App. Div. 574; *Matter of Ames*, 141 N. Y. Supp. 793; *Matter of Havemeyer*, 32 Misc. Rep. 416; *Matter of Burden*, 47 Misc. Rep. 329.)

POUND, J.  Harry C. Hallenbeck died a resident of New Jersey on April 11, 1918.  He owned in the state of New York a gross estate of upwards of $600,000.  His net estate subject to tax as found by the surrogate was upwards of $475,000.  His will was duly admitted to probate in the state of New Jersey and ancillary letters testamentary were issued to respondent by the Surrogate's Court of New York county.  Twenty-five hundred shares of the stock of Hallenbeck-Hungerford Realty Corporation, a domestic corporation, of the appraised value of $142,750, had been pledged by decedent with U. T. Hungerford Brass & Copper Co., another domestic corporation, as collateral security for a loan of $150,000.  In determining the amount of the taxable estate the appraisers added the value of the pledged stock to the assets of the estate and included the debt in its liabilities.

The question is whether the will transferred the shares of stock or an interest therein or only a right to redeem the shares by payment of the debt.  (Tax Law [Cons. Laws, ch. 60], § 220, subd. 2, as amended by Laws of 1916,

ch. 323.) If the former, the transfer is taxable; if the latter, nothing was transferred in New York. The tax is upon the transfer of the property as it existed at the death of decedent and not upon the property. (*Matter of Penfold*, 216 N. Y. 163, 167.) The Appellate Division has held that only the valueless right of redemption was transferred. As a corollary to this decision, it has further stated in its opinion that if the debt should be paid and the stock redeemed by the executor no liability to taxation would attach to the transfer of the stock, as the stock would then be property acquired by the estate subsequent to the death of the testator. But the title to the stock and testator's right of property therein remained in the pledgor. The pledgee had a lien thereon for the amount of its loan. It has been so held by a long line of decisions in this state. (*Smith* v. *Savin*, 141 N. Y. 315; *Gillet* v. *Bank of America*, 160 N. Y. 549, 560; *Wood* v. *Fisk*, 215 N. Y. 233.) The pledgor retains a proprietary interest in the stock. His title is subject to the pledgee's lien and right of possession, but he may have back his property on payment of the loan. (*Warner* v. *Fourth Nat. Bank*, 115 N. Y. 251.) To this intangible proprietary interest of the pledgor in the corporate property, the pledgor's executor succeeds. The tax is on " any interest in " the property and it is not necessary that such interest be the entire legal and beneficial interest in the stock. (*Security Trust Co.* v. *Edwards*, 90 N. J. Law, 558.) So far as *Matter of Ames* (141 N. Y. Supp. 793, 795, 796) and like cases on taxable transfers hold that the pledgor does not own the shares or any interest in them, but owns only a right of redemption having its situs at the place of decedent's domicile, they declare an erroneous rule in conflict with the doctrines of this court. Nor does any reason exist why the pledged stock should not in this case be appraised at its full value. The indebtedness to the pledgee is an indebtedness against the whole estate and not against the pledged assets merely. The

ancillary executor is under obligation to pay the domestic debt before he remits the ample assets he finds in New York to the foreign jurisdiction. We may not assume that he will refuse to pay the debt and leave the creditor to enforce its claim against the collateral, or that the stock will be applied to the indebtedness. *Matter of Pullman* (46 App. Div. 574) holds that the local creditor's security should not be diminished when no ancillary letters have been taken out in New York and no ancillary executor of the will of the non-resident debtor asserts his title as against the stocks in pledge and that the transfer of the pledged stock was not in a situation to be taxed until the foreign executor had actually paid the debt. But this stock may be safely appraised at its full value on the probable contingency that it will not be resorted to by the creditors. The rule in the *Pullman* case should not be unnecessarily extended beyond the facts there considered.

Great injustice, inequality and loss to the state would result from holding that a non-resident decedent had no taxable interest in stocks within the state pledged by him to secure an indebtedness and that no liability to taxation in this state could attach thereto although the debt should be paid by the executor out of assets non-taxable in New York. We are not disposed to modify a rule of the common law as old as the leading case of *Coggs* v. *Bernard* (1702, 2 Ld. Raym. 909) that " the pawn never conveys the general property to the pawnee " to permit such a result.

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the order of the surrogate fixing and determining the transfer tax should be affirmed.

HISCOCK, Ch. J., HOGAN, McLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., absent; CHASE, J., deceased.

Order reversed, etc.