ERNESTO STAGG, Plaintiff, *v.* BRITISH CONTROLLED OIL-FIELDS, LTD., Defendant.

(Supreme Court, New York County, December, 1921.)

Contracts—non-residents—attachment—jurisdiction of Supreme Court—General Corporation Law, § 47.

> A written contract between plaintiff, a non-resident, and defendant, a foreign corporation, executed in the state of New York, contained the following provision: "First. It is agreed that while for convenience this agreement is signed by the parties in the City of New York, United States of America, it should be considered and held to be as one duly made and executed in London, England." *Held,* that under section 1780, subdivision 1, of the Code of Civil Procedure (now General Corporation Law, § 47) the Supreme Court of the state of New York has jurisdiction of the action and that a levy under a warrant of attachment of defendant's interest in certain options on oil properties in a foreign country will be upheld.

MOTION by defendant to vacate service of summons, warrant of attachment and levy.

Scott, Gerard & Bowers, for plaintiff.

Graham, McMahon, Buell & Knox, for defendant.

MARTIN, J.  This is a motion by defendant to (1) vacate the summons herein and the service thereof within the state; (2) to vacate and set aside a warrant of attachment; (3) to vacate a levy made under the warrant of attachment, and (4) to vacate the service of the summons and complaint upon the defendant without the state.  Plaintiff is a non-resident and defendant is a foreign corporation.  It appears that the alleged cause of action of plaintiff did not arise in the state of New York and that defendant is not doing business here.  Though process was served upon an officer of defendant while he was in this state, defendant asserts there is no basis for finding that the said officer was here on business of defendant or that it was doing business within this state.  That much must be conceded.  It also asserts that the action affects the title to real property situated without the state; but that assertion is without merit.  The action is to recover payments under a contract between the parties. Its subject matter is not the title to real property, even conceding that collaterally it may involve the same, and this does not appear from the affidavits.  Defendant's argument is based mainly upon the contentions (a) that the court cannot take jurisdiction of the action; (b) that it ought to decline to take such jurisdiction, and (c) that there was not within the state any property of defendant on which the attachment could be levied.  Plaintiff is a citizen of Ecuador.  Defendant is a corporation organized under the laws of the dominion of Canada.  Plaintiff declares upon an alleged breach of a contract which was made between the parties and executed in the state of New York, but which contains the following provision: " *First.*  It is agreed that while for convenience this agreement is signed by the parties in the City of New York, United States of America, it should be considered and held

to be as one duly made and executed in London, England.'' On this application the provisions of the Code of Civil Procedure apply. The contract was made in this state. Under section 1780, subdivision 1, this court has jurisdiction. The statutory test has been met. Should the courts of this state, in the exercise of discretion, refuse to allow plaintiff to bring this action here? I find no authority to the effect that the court should refuse to entertain it. In the absence of some convincing reason for so ruling the court should not decline jurisdiction and should not permit the parties to deprive it of jurisdiction. Furthermore, it is by no means certain that the parties stipulated in the contract that no action would be brought under it outside of England. If the clause quoted were so intended this court would not be bound to respect it. The question is whether there is now any such convincing reason and not what the parties had in contemplation when the contract was made. In *Smith* v. *Crocker,* 14 App. Div. 245, 249 the court said: '' The contention that, because both the plaintiff and the defendant Crocker are non-residents, the trial court should have refused to entertain jurisdiction of the cause, we regard as equally untenable. We are referred to a number of cases (*Ferguson* v. *Neilson,* 33 N. Y. St. Repr. 814; *Robinson* v. *Oceanic Steam Nav. Co.,* 112 N. Y. 315) in which it was held that the courts of this State will not retain jurisdiction of and determine an action for tort between parties residing in other States on causes of action arising out of the State, as a matter of public policy, unless special reasons are shown to exist which make it necessary or proper so to do. An examination of the cases cited, as well as of all to which our attention has been called where that rule has been applied, were actions in tort, and not actions upon a contract. Our courts have never refused to

entertain jurisdiction of a cause of action arising upon contract." In *Belden* v. *Wilkinson,* 44 App. Div. 420, the court said: " The learned counsel for the respondents cites many cases in which it has been held, that unless for special reasons, non-resident foreigners should not be permitted the use of our courts to redress wrongs committed within their own territory or to enforce contracts made therein. But these cases were either cases where the action was brought by one non-resident against another non-resident to recover damages for a tort or where it was clearly apparent that the courts of this State could not do justice to the parties because of the special facts of the particular case. It is not the rule that the courts of this State will not take jurisdiction of an action of contract unless special reasons are found for their doing so, although that may be said to be the rule in regard to actions of tort. *Burdick* v. *Freeman,* 46 Hun, 138; affd., 120 N. Y. 420. But as to actions on contract the rule is precisely the other way. Our courts will ordinarily entertain such an action unless special reasons are shown why it should not be done." These excerpts appear to state the law. Many cases to the same effect more recent could be cited. Defendant seems to assert that in every decided case between non-residents access has been denied to our courts unless a plaintiff would otherwise go without a remedy; but I find no such rule in the reported cases. I am left with a distinct impression that defendant by striving to compel plaintiff to go to a distant jurisdiction is endeavoring to impose on him a disadvantage of position due to the inconvenience of going to England to meet defendant's claims. Accordingly, there would seem to be no justification for holding, as a matter of discretion, that the court should refuse to take jurisdiction of this action. The property attached is defendant's interest in certain

options. Plaintiff secured options on oil properties
in Ecuador, same being taken in the name of one
Borja. The contract on which this action was based
contemplates the transfer to defendant for stated con-
siderations of those options, a large sum having been
paid down at the time of the execution of the con-
tract. Defendant, in order to fully acquire the rights
of property, as to which Borja is the optionee, must
make performance under the contract. The levy
under the attachment was made by having the sheriff
serve Borja with notice of the levy in the manner
provided by the Code of Civil Procedure. Under
these circumstances, I am satisfied that there was
attachable property of defendant in the state of New
York against which levy was made. Borja had legal
title to the options. Under the contract defendant
had certain rights in regard to those options. It
might continue and fulfill performance on its part of
the contract, and then Borja, had he remained in this
jurisdiction, could have been compelled by our courts
to exercise the options for defendant's benefit. It is
also to be noted that the rights of the optionee under
the options are expressly made transferable to any
person within or without Ecuador. The statutory
provisions provide for the levy of an attachment on a
chose in action. Whether or not defendant would
have performed is immaterial. It has the right to
perform. The prevailing opinion in the case of *Simp-
son* v. *Jersey City Contracting Co.*, 165 N. Y. 193, in
the light of the dissenting opinion, indicates clearly
that this right is subject to such levy. That Borja,
after the levy, left the jurisdiction is of no conse-
quence in determining whether a levy was made. In
a case where the sheriff cannot take manual posses-
sion of property, or is not required to do so, the gar-
nishee might leave the jurisdiction and take with him
the property against which it was intended the attach-

ment would ultimately become effective. The opinion in the case last cited, that in *Warner* v. *Fourth National Bank,* 115 N. Y. 251, and that in *Higgins* v. *McConnell,* 130 id. 482, illustrate this point. For example, one with whom securities are pledged, to secure the repayment of a loan, may be made the garnishee as a result of a levy under a warrant of attachment. In such a case the levy is effective, though there be a question as to whether the securities will be sufficient in amount to cover the loan. The right of the pledgor to have the pledgee account and pay over the surplus, if any, remaining after payment of the loan is a chose in action against which there may be a levy. Having acquired jurisdiction by such a levy under a warrant of attachment the court would not be deprived of jurisdiction by the departure of the pledgee with the securities. Presumably the attaching creditor would have a remedy against the garnishee in relation to the property, based upon the warrant of attachment and the levy thereunder, in any jurisdiction where either might be located. There is comment in defendant's brief to the effect that it would be unfair to hold that such a levy could be made and jurisdiction over defendant acquired wherever Borja might choose to go. There is no element of unfairness in this case, however. Borja, when the levy was made, had been in the United States for nearly two years, and he was sent here by defendant for the purpose of being available to give advice as to the options and the rights and the property affected thereby. Indeed, plaintiff argues that it would have been difficult to acquire jurisdiction of defendant in Ecuador, where the land to which the options relate is located, so long as Borja remained without that jurisdiction. It is entirely immaterial that plaintiff has an interest in these options until defendant per-

forms, or that the interest of defendant may be of little value. It may be that the options are of great value and that they can be acquired under the terms of the contract on the payment of sums far less than they are worth. It would therefore be absurd to hold that defendant's interest was so contingent that it cannot be subjected to levy under the attachment. By the provisions of our statutes a chose in action is amply substantial to be the subject of such a levy, and with its value we are not concerned. Proper service was made on defendant without the state in compliance with an order of this court. It follows that the only contention on which defendant may be sustained is that jurisdiction was not acquired by the personal service of process on defendant's officer while he was in the state of New York. In all other respects the motion must be decided against defendant.

Ordered accordingly.