**J.** BERTRAM CLEMENTS, Respondent, *v.* NATHAN L. DOBLIN, Doing Business as DOBLIN COMPANY, Appellant.

First Department, May 2, 1924.

**Attachment — equity of redemption under contract with factors is attachable — levy properly made under Civil Practice Act, § 917, as on intangible property.**

The equity which a principal has in a contract with factors is subject to attachment though at the time thereof there may not be any payments due under the factors' agreement. In this case the levy was properly made, under section 917 of the Civil Practice Act, on the defendant's equity of redemption as on intangible property.

DOWLING and McAVOY, JJ., dissent.

APPEAL by the defendant, Nathan L. Doblin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of April, 1924, denying his motion to vacate a levy under a warrant of attachment.

*Jay Leo Rothschild,* for the appellant.

*David L. Podell* [*J. J. Podell* of counsel], for the respondent.

FINCH, J.:

It appears that the defendant was doing business with Hubshman & Bro., factors, under an agreement whereby he consigned to said factors his output consisting of manufactured silks; the factors invoiced the goods to defendant's customers, guaranteed the accounts to defendant and agreed to advance

not exceeding two-thirds of the market value of the consigned merchandise, the defendant to be responsible for such advances, charges and commissions, which commissions they agreed should be on net sales aggregating $500,000 a year. As security to said factors it was agreed that they should have a general lien on the proceeds of the merchandise as well as the merchandise. The return of said factors to the sheriff stated they lent and were continuing to lend moneys on the account and that " according to the best estimate we can now make, if our contract with Doblin were immediately terminated and if we were to surrender our right to commissions on a minimum of $500,000 guaranteed sales (which right we do not intend to surrender) there might be an equity which, however, would not in our opinion exceed $7,500." The defendant thus admittedly owned an equity of redemption as against his factors.

It is likewise clear " that a cause of action arising upon contract " existed in favor of the defendant against the factors. The defendant says in his affidavit: " I have no relations with H. M. Hubshman & Bro. other than evidenced by this agreement, nor is there any other property of any kind, legal or equitable, due me from them."

Apparently amounts were being paid from time to time to the defendant by his factors from the equity of redemption belonging to the defendant. Whether, however, any amounts were actually due and payable at the time of the levy of attachment or instead were payable in the future, is not material. In *Edison Electric Co.* v. *Guastavino Co., No. 1* (16 App. Div. 350, 354) the court said: " The fact that the debt is not payable at the time of the levy would not interfere with its being seized and levied upon by the sheriff upon the service of the warrant of attachment   *   *   *."

That such a residuary interest as this defendant had, as pledgor, against his factors, is subject to attachment, has been often held. In *Warner* v. *Fourth National Bank* (115 N. Y. 251) Judge GRAY, writing for the court said: " In this case, what was the subject of the attachment was this right of the Penn Bank to compel its pledgee to account to it as to the pledged paper, and to receive the surplus of the proceeds of collection, after satisfying the pledgee's claim for advances. That right is a chose in action, and, in the nature of things, is intangible. It is the subject of attachment as a demand against the person, within the spirit of the language of the Code. While the debt remains undischarged the pledge belongs to the pledgee, and, while held by him, the pledgor's title is subject to the pledgee's lien and right of possession;

14

but the pledgor's residuary interest in the pledge constitutes a claim or demand upon the pledgee, which is property, and hence may become the subject of attachment. But such property, being intangible, is, naturally, incapable of manual delivery. The very language of the third subdivision of section 649,* in mentioning ' a demand other than as specified in the last subdivision,' involves the understanding that the demand may as well consist in some right in or to the pledged property, *at law or in equity, as of a claim for its immediate possession.*" (Italics not in original.)

In *Brownell* v. *Carnley* (10 N. Y. Super. Ct. 9) it was said: " It is undoubtedly true that Gordy as owner, and virtually the consignor, had an interest in the property consigned, which was liable to be attached, but it was not an interest which gave to him, or could give to his creditors, any right to divest, or interfere with, the possession of the plaintiff — unless upon the terms of refunding his advances with interest, and paying commissions and charges. Until a compliance with these terms, the interest of Gordy was nothing more than a right to demand and receive from the plaintiff the surplus proceeds of a sale,— and it was this interest, and this alone, that was liable to be attached. It is evident, however, that this contingent interest or right was not a property which in judgment of law was capable of a ' manual delivery;' and hence the sheriff, instead of taking possession of the goods, should have proceeded in the mode prescribed in § 235 of the Code.† He should have done nothing more than to leave with the plaintiff a certified copy of the warrant of attachment, together with a notice of the interest levied on, and by so doing he would have given to the creditor, at whose suit the attachment was issued, all the protection and security to which he was entitled." (See, also, *Westervelt* v. *Phelps*, 171 N. Y. 212.)

The levy was properly made as upon intangible property (Civ. Prac. Act, § 917; *Warner* v. *Fourth National Bank, supra; O'Brien* v. *Mechanics & Traders' Fire Ins. Co.*, 56 N. Y. 52.)

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., and MERRELL, J., concur; DOWLING and McAVOY, JJ., dissent.

Order affirmed, with ten dollars costs and disbursements.

* See Code Civ. Proc. § 649, subd. **3.**— [REP.
† See Code Proc. § 235.— [REP.