LEOPOLD FREDRICK, Respondent, *v.* CHICAGO BEARING METAL COMPANY, Appellant.

First Department, November 4, 1927.

Attachment — property attachable — right of foreign corporation under contract to share of profits of resident corporation is not attachable, under Civil Practice Act, §§ 912–922.

The right of the defendant, a foreign corporation, to a share of the profits of a resident corporation under a contract between that corporation and the defendant is not subject to attachment, under sections 912–922 of the Civil Practice Act.

There can be no attachment of or levy upon a contingent right which may or may not become a cause of action according to the occurrence or non-occurrence of a future event.

FINCH, J., dissents, with opinion.

APPEAL by the defendant, Chicago Bearing Metal Company, appearing specially, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of July, 1927, denying defendant's motion to vacate an order for the service of the summons by publication, the service of the summons by publication and the warrant of attachment against the defendant's property.

*Harry F. Mela* of counsel [*Henry L. Sherman* with him on the brief, *Hirsch, Sherman & Limburg,* attorneys], appearing specially, for the appellant.

*Max D. Steuer* of counsel [*Edward J. Bennett* with him on the brief], for the respondent.

McAvoy, J.   The question here is whether an attachment may be levied on defendant's interest or right to receive profits under a contract which provides: "As additional consideration for the sale of said properties the Magnus Company agrees to pay to the Chicago Company a further sum measured by 20% — 1/5th — of the profits as herein defined, earned by the Magnus Company and all of its subsidiaries, as now or hereafter constituted, for a period of seven years from the date of the conveyance and delivery of the properties and assets sold hereunder."

Defendant, however, was not to be charged with any loss in any year by deduction from subsequent profits in later years.

It cannot be denied that no property or debt due defendant exists under this clause which is the subject of levy under the precise wording of the attachment statute (Civ. Prac. Act, §§ 912–922), but there are rulings that an immediately payable debt is not necessary for the right of levy of the attachment creditor to accrue. It may run against an inchoate chose in action.

In *Warner* v. *Fourth National Bank* (115 N. Y. 251) it is said that the right of a pledgor to compel the pledgee to account to it as to the pledge before the debt was paid was " within the spirit of the language of the Code."   This, however, is a specific case which the former Code and the new Civil Practice Act recognize as a salable right under execution.   (Civ. Prac. Act, § 688; Code Civ. Proc. § 1412.)

The sections governing attachment and those providing for execution must be correlative.

Many cases indicate that the term " cause of action " is not to be construed narrowly, but as though it were written " chose in action " which may ripen into a cause if the right provided for arise.   Here there is a corporate company garnishee with assets of $7,500,000, and a right in defendant to one-fifth of its annual profits, if any, for seven years.   But notwithstanding its putative value, it is merely a contingency which may never eventuate into a right.   It is a possibility of profit but nothing may ever be payable under it.   If the liability is contingent, no attaching right exists. Here there is no liability presently fixed to pay anything except upon the accident of profits accruing.   Where property sought to be attached is incapable of manual delivery, the law as to levying

is strict. We are ruled by a statute with specific items enumerated therein.

Mr. Drake in his work on Attachments (7th ed. § 544) in speaking of garnishment said: " That which the garnishment operates upon in this class of cases is credits. The term credit, in this connection, is used in the sense in which it is understood in commercial law, as the correlative of debt. Wherever, therefore, there is a credit, in this sense, there is a debt, and without a debt there can be no credit."

There can then be no attachment of or levy upon a contingent right which may or may not become a cause of action according to the occurrence or non-occurrence of a future event.

The attachment falling, the order of publication falls with it.

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate order of service by publication and warrant of attachment granted, with ten dollars costs.

DOWLING, P. J., MERRELL and MARTIN, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting). It seems to me that the opinion at Special Term (130 Misc. 366) takes a broader viewpoint and one more in accordance with the substantial rights of the parties, and I, therefore, vote to affirm.

Concededly a State may apply the property of a non-resident within its borders to the payment of a claim of one of its citizens. (*Pennoyer* v. *Neff*, 95 U. S. 714.) Only through the prior impounding of such property can jurisdiction be obtained over a nonresident. (*Dimmerling* v. *Andrews*, 236 N. Y. 43.) The plaintiff was the procuring cause of a sale by the defendant, a non-resident corporation, of its business and assets in this State to a third party. The plaintiff's action is to recover upwards of $300,000 as a broker's commission in effecting the sale. The plaintiff sought to obtain jurisdiction of the defendant by attaching its right in the contract of sale so obtained. That this is a valuable right and can now be sold for a substantial sum, would seem to follow from the fact that the assets sold for upwards of $7,000,000 and the defendant under the contract of sale, in addition to a large payment received in cash, is entitled to receive twenty per cent of the profits of the business over a period of seven years, with an annual accounting at the end of each calendar year, the first becoming due December 31, 1927. It is contended that the courts are without power to apply this property right situated in this State to the payment of this claim because it is not subject to attachment within the language used in the Civil Practice Act in enumerating the property which may be attached. The purpose of the sections in question obviously

is to include all substantial property rights arising out of contract. Certainly the spirit of the act covers the claim in question and, in my opinion, it is fairly within the letter also, giving to the phrase " a cause of action arising upon contract " the reasonably broad interpretation which the context requires. As was said by Judge GRAY in *Warner* v. *Fourth National Bank* (115 N. Y. 251): " In this case, what was the subject of the attachment was this right of the Penn Bank to compel its pledgee to account to it as to the pledged paper, and to receive the surplus of the proceeds of collection, after satisfying the pledgee's claim for advances. That right is a chose in action, and, in the nature of things, is intangible. It is the subject of attachment as a demand against the person, within the spirit of the language of the Code."

The right to demand an accounting at the end of each of the seven years is a present right enforcible through the mere lapse of time. At the least there exists a cause of action even if it may be unnecessary to exercise it because the parties may voluntarily account. In *Clements* v. *Doblin* (209 App. Div. 208; affd., 239 N. Y. 526) a levy was made upon any interest of the defendant in the hands of factors, the defendant's right being to receive any balance from accounts payable in the future in connection with goods sold through such factors. It was contended that there was nothing attachable because there was nothing immediately due and that nothing ultimately might be due to the defendant. It was held that the right to demand any surplus that might exist after the amount loaned was paid, was attachable even though no amount was due presently and there was doubt whether the amount collected would be sufficient to leave any amount applicable to the payment of the attaching creditor. In this latter case, as in the case at bar, what existed was a cause of action arising out of contract which was of some value. It is true that the amount would vary in accordance with the probabilities or non-probabilities of realizing more or less and perhaps ultimately nothing, but as long as the facts show a possibility of something of value being realized, there is property right of some value.

In the case at bar, as noted, the right to receive twenty per cent of the profits of a $7,000,000 corporation is of large present value.

The sections of the Civil Practice Act relating to what property may be sold on execution should receive a construction in harmony with the sections relating to attachment.

The order appealed from should be affirmed.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.