JOHN E. SHEEHY, Sheriff of the County of New York, and Another, Appellants, *v.* MADISON SQUARE GARDEN CORPORATION, Respondent.

First Department, June 8, 1934.

*Robert Seelav*, for the appellants.

*James K. Crimmins* of counsel [*Charles Pickett* with him on the brief; *Chadbourne, Stanchfield & Levy*, attorneys], for the respondent.

MARTIN, J. In this litigation, rights under an attachment are being asserted by plaintiff. The action was brought against the defendant to recover the sum of $15,027.34, because of its failure to pay that amount to the sheriff of New York county, pursuant to an attachment levied against the property of one William T. Johnson in the hands of the defendant. The warrant of attachment was issued by the Supreme Court, New York county, in an action between Sidney N. Strotz, one of the plaintiffs herein, and William T. Johnson.

The complaint sets forth that a suit was pending between Strotz and Johnson in which a warrant of attachment was issued against the defendant therein, for the sum of $15,027.34, by reason of his non-residence; that the sheriff levied upon property of the said Johnson, consisting of moneys amounting to about $33,000, then in possession of the Madison Square Garden Corporation, by leaving with that corporation a certified copy of the warrant and a proper

legal notice of attachment; that plaintiffs duly demanded the money and no part thereof has been paid; that the sheriff has been unable to reduce the property so attached to his actual possession and that by order of the court the plaintiffs have been permitted to institute this action against the defendant.

The first paragraph of the answer was stricken out by the court on motion, leaving the second paragraph as the only substantial defense, and there is, therefore, before this court the issue only, whether the defendant was obliged to obey the order of the court. The defense interposed is that while defendant had certain moneys belonging to Johnson in its possession at the time of the service of the attachment, it was nevertheless released from the obligation to turn said moneys over to the sheriff because the moneys due Johnson, while payable at certain future dates as set forth in the agreement between Johnson and the Madison Square Garden Corporation, were not then actually earned by Johnson. The facts having been stipulated in writing there is a question of law only for determination by the court.

The record discloses that the Madison Square Garden Corporation and William T. Johnson entered into an agreement which was thereafter amended. The amended agreement provided that Johnson was to produce in Madison Square Garden, New York city, what is known as a rodeo at different times for four years, beginning in 1932; that the performance for 1932 was to be held from October 14 to October 29, 1932, inclusive. Johnson was to supply the personnel and animals necessary to give the scheduled performance, which consisted exclusively of such " acts " as the men and animals perform in a presentation of this character, namely, tricks and contests in which riders and animals take part, all of which were duly furnished by Johnson.

It was stipulated that Johnson duly opened the rodeo on October 14, 1932; that all the provisions of the contract on his part consisted of covenants to produce the rodeo by furnishing the animals and personnel and that he carried out its terms to the extent that the rodeo began on October 14, 1932. From and including that date, he was earning a part of the amount agreed to be paid to him.

After Johnson, on the 14th of October, 1932, provided all the animals and articles required, the Madison Square Garden Corporation assumed certain payments set forth in the agreement. Prior to that date the defendant made certain advance payments to Johnson as shown by the statement of facts, paying him substantial amounts before the opening of the rodeo.

On October 18, 1932, four days after the opening and three days after the service of the warrant of attachment, this defendant

paid Johnson $5,000 and four days thereafter and on October 22, 1932, it paid him $27,250.87, the second payment being made eight days after the service of the warrant of attachment. On October 17, 1932, one day before the date of the payment of $5,000 set forth above, the defendant certified to the plaintiff that it had no property belonging to Johnson of any kind or nature, although Johnson had earned a part or the whole amount so paid before that date.

With the anticipated payment, and the final payments made to Johnson within a few days preceding and subsequent to the service of the warrant of attachment, this defendant paid to Johnson, notwithstanding the order of this court, $32,250.87, leaving no moneys belonging to Johnson in the defendant's possession. The defendant did not seek to implead Johnson and in its pleadings sets forth no affirmative defense, but asserts under its own interpretation of the contract with Johnson, that technically the moneys were not due on the day of the service of the warrant of attachment.

The plaintiffs contend that upon the facts presented herein the moneys in the defendant's possession on October 15, 1932, were earned by and were the property of Johnson, merely awaiting payment as provided in the agreement with the defendant; that the said moneys were under Johnson's control and consisted of at least a chose in action over which Johnson had control for moneys actually due; that the money was, therefore, leviable and that the defendant failed to answer and honor the order of the court and is, therefore, answerable to the sheriff.

It is argued for appellants that in any event a levy pursuant to a warrant of attachment upon a chose in action is proper under section 916 of the Civil Practice Act; that at the time of the levy Johnson was possessed of rights and choses in action which were leviable and that the levy was, therefore, proper; that the defendant ignored the mandate of the court and failed to honor the writ of attachment duly served by the sheriff of New York county; that the contract between the defendant and Johnson contained an independent and absolute promise to pay a sum of money to Johnson; that upon the execution of the contract, Johnson became immediately possessed of vested property rights, interests and choses in action in and to said money; that these vested property rights, interests and choses in action were the proper subjects of a levy pursuant to a warrant of attachment; that the levy made by the sheriff was proper as a levy upon property according to law.

The respondent says that a valid levy under section 916 of the Civil Practice Act cannot be made upon a contingent right which may or may not become a cause of action dependent upon some

future contingency; that there was no debt or cause of action in existence in favor of Johnson against the defendant on October 15, 1932, upon which a valid levy could be made.

Section 916 of the Civil Practice Act provides: " Levy upon cause of action, evidence of debt or claim to estate. The attachment may also be levied upon a cause of action arising upon contract; including a bond, promissory note, or other instrument for the payment of money only, negotiable or otherwise, whether past due or yet to become due, executed by a foreign or domestic government, state, county, public officer, association, municipal or other corporation, or by a private person, either within or without the state; which belongs to the defendant and is found within the county. The levy of the attachment thereupon is deemed a levy upon, and a seizure and attachment of, the debt represented thereby."

In Kneeland on Attachment (§§ 419, 421) we find the law fully set forth as follows: " It may be stated as a general rule that garnishment, or attachment of debts, can only reach such credits of the defendant as he would have a right upon maturity to maintain an action at law to recover a certain specific sum of money thereon. It is confined, therefore, to legal debts as distinguished from equity claims, and to actions upon a liability calling for payment in cash and not in kind, as by notes, merchandise, labor or board. The reason given for this discrimination is, that an action for the recovery of money, as for ' debt ' or ' indebitatus assumpsit,' would not lie in such cases. While this is true as a matter of practice, and while the rule holds good in all states in which the right is limited to strict ' credits,' it would not apply, where, as in New York and some other states, the statute reaches out so as to grasp all the property and property rights of the defendant in whose hands soever they might be found, and the specific articles called for by the contract must be surrendered.

" Section 421. Right of action must be absolute, but not necessarily matured. Although the right of attachment of debts is restricted to actionable claims, it is not necessary that there should be a present right of action. Every chose in action, whether due or certain to become due in the future, is within the statute."

In Ackerman v. Tobin (22 F. [2d] 541) the court said: " Under the New York statutes a cause of action arising upon contract is garnishable. Article 55 of the New York Civil Practice Act (Cahill 1924), § 916. It is a general rule held by the State courts, aside from the necessity of first complying with the condition of the policy requiring the assured to make proof of loss, and unless the claim is rendered uncertain by options reserved by the company, such, for instance, as the right to rebuild, that a claim for loss under an

insurance policy is unquestionably subject to garnishment; and where the policy does not stipulate to the contrary, such a claim accrues, and is subject to garnishment immediately upon the occurrence of the loss. * * *

" In the latter case [*Phœnix Ins. Co.* v. *Willis*, 70 Tex. 12, 16; 6 S. W. 825] the court, stating the reason for the rule, says: ' The property having been destroyed by fire, the agreement to pay the policy was no longer contingent, but had become absolute by the happening of the event mentioned in the policy, subject to be defeated, however, by defenses pleaded and proven, as might be done in other cases of debt.' This is also the rule in New York. (*Rinchey* v. *Stryker*, 28 N. Y. 45, 51.) "

In *Rinchey* v. *Stryker* (*supra*) the court held that the fact that attachment is issued before the debt is conclusively established on which it is founded, and that it may subsequently be shown by the defendant in the attachment proceeding that there was no such debt, is not a sufficient reason for holding that the attaching creditor cannot show that the property attached is in fact the debtor's.

In *Warner* v. *Fourth National Bank* (115 N. Y. 251) the court held that where commercial paper has been pledged by the owner as security for an indebtedness, while the debt remains undischarged, the pledge belongs to the pledgee, the pledgor having simply the right to receive the surplus of the proceeds of collection after satisfying the pledgee's claim. This right, however, is property and is the subject of attachment, as a demand against the person, within the meaning of the provisions of the Code of Civil Procedure (§ 649). At page 256 the court said: " In this case, what was the subject of the attachment was this right of the Penn Bank to compel its pledgee to account to it as to the pledged paper, and to receive the surplus of the proceeds of collection, after satisfying the pledgee's claim for advances. That right is a chose in action, and, in the nature of things, is intangible. It is the subject of attachment as a demand against the person, within the spirit of the language of the Code. While the debt remains undischarged the pledge belongs to the pledgee, and, while held by him, the pledgor's title is subject to the pledgee's lien and right of possession; but the pledgor's residuary interest in the pledge constitutes a claim or demand upon the pledgee, which is property, and hence may become the subject of attachment." (See, also, *Simpson* v. *Jersey City Contracting Co.*, 165 N. Y. 193, and *Westervelt* v. *Phelps*, 171 id. 212.)

In *O'Brien* v. *Mechanics & Traders' Fire Ins. Co.* (56 N. Y. 52) the court (at p. 56) said that where a warrant of attachment under

the Code directs the sheriff to attach and safely keep all the property of the defendant within his county, this includes not only tangible property, real and personal, but things in action and evidences of debt, citing sections 231, 462, 463 and 464 of the Code of Procedure.

In *Fredrick* v. *Chicago Bearing Metal Co.* (221 App. Div. 588) this court said: " There are rulings that an immediately payable debt is not necessary for the right of levy of the attachment creditor to accrue. *It may run against an inchoate chose in action.*"

In *Clements* v. *Doblin* (209 App. Div. 208; affd., 239 N. Y. 526) the court held that the equity which a principal has in a contract with factors is subject to attachment though at the time thereof there may not be any payments due under the factors' agreement. In that case the levy was properly made, under section 917 of the Civil Practice Act, on the defendant's equity of redemption as on intangible property. The court said that apparently amounts were paid from time to time by his factors to the defendant from the equity of redemption belonging to the defendant. Whether, however, any amounts were actually due and payable at the time of the levy of attachment or instead were payable in the future, was not material.

In affirming the above case (*Clements* v. *Doblin, supra*), the Court of Appeals answered the following question in the affirmative: " 3. Is the interest which a consignor has in merchandise consigned to his factors and in the proceeds therefrom under an agreement with his factors whereby the factors have a continuing lien upon all merchandise so consigned by the consignor and upon all the proceeds therefrom over a period of years, for advances, charges and guaranteed commissions to factors, such an interest as is subject to levy under a warrant of attachment? "

In *Edison Electric Co.* v. *Guastavino Co., No. 1* (16 App. Div. 350, 354), the court said that the fact that the debt was not payable at the time of the levy would not interfere with its being seized and levied upon by the sheriff upon the service of the warrant of attachment. (See, also, *Stagg* v. *British Controlled Oilfields, Ltd.,* 117 Misc. 474.)

By the terms of the contract here under consideration, Johnson had earned money from the time he entered upon performance of his contract. When the attachment was levied he was entitled to some money and he continued to earn more each day he performed. At all times there was an amount due and owing to Johnson. The fact that either party might breach the contract does not affect the right of the attachment. As a matter of fact that never did occur. The cases cited above have fully dealt with that proposition and hold

that the possibility of such a contingency does not render an attachment less effective.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

FINCH, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.