Arnold L. Fein, J.
This is a special proceeding brought pursuant to CPLR 5227 against Eastern Auto Auction (Eastern) and Chemical Bank (Chemical) to enforce a judgment obtained by petitioner against Eastern. Chemical moves (1) to dismiss pursuant to CPLR 3211 (subd. [a], par. 7), or in the alternative (2) for an order joining Chase Manhattan Bank (Chase), as a party respondent. Both motions are considered together.
Although the order to show cause and affidavit instituting this proceeding do not formally comply with the statutory requirements for a special proceeding (CPLR 402) and the answer was not timely served in accordance with the order of Mr. Justice Bloustein, sufficient is alleged to support a special proceeding pursuant to the requirements of CPLR 5227 and to require a trial.
Petitioner alleges that (1) Eastern issued a series of checks drawn on Chemical, payable to two payees; (2) such checks were *412 indorsed in the names of the respective payees and made payable to Luxury Discount Co. (Luxury) by use of rubber stamped indorsements; and (3) Chemical, as the drawee bank in which the judgment debtor, Eastern, maintained its account, paid the checks on presentation although they were not properly indorsed.
Petitioner contends that since the indorsements were not ‘ ‘ written ’ ’ and there was no authority to negotiate the checks by rubber stamp indorsement, they were not negotiated in compliance with subdivision (2) of section 3-202 of the Uniform Commercial Code and that Chemical had no right to honor them and is liable for the face amount of $24,150 paid and charged against Eastern’s account on the basis of such rubber stamped indorsements.
In its motion to dismiss, Chemical argues that petitioner’s claim as judgment creditor does not constitute a debt owed to the judgment debtor, Eastern, which may be enforced in a proceeding under CPLR 5227, and that the sole remedy is a plenary action by Eastern against Chemical. The foundation of Chemical’s argument is that there has never been an adjudication in favor of the judgment debtor, Eastern, finding that Chemical cleared checks drawn on the account of Eastern bearing forged or improper indorsements. Chemical'asserts that until there has been such an adjudication there is no “ debt certain ” owed by Chemical to Eastern which may be the subject of enforcement under CPLR 5227.
Chemical’s reliance on Mobil Oil Corp. v. Lovotro (65 Misc 2d 729) is misplaced. That case, reading CPLR 5227 together with subdivision (a) of CPLR 5201, holds that future rents are not subject to enforcement proceedings under CPLR 5227, because they are contingent and might never become due. Similar is Glassman v. Hyder (23 N Y 2d 354), interpreting CPLR 6202, the attachment section.
These cases are consistent with prior authorities holding that intangibles are not subject to attachment or levy where they are of a contingent nature and may or may not become due depending upon future performance or the occurrence or nonoccurrence of a future event or other contractual contingency. (Sheehy v. Madison Sq. Garden Corp., 266 N. Y. 44; Fredrick v. Chicago Bearing Metal Co., 221 App. Div. 588; Herrmann & Grace v. City of New York, 130 App. Div. 531, affd. 199 N. Y. 600.)
However, the rule is otherwise where the judgment debtor has a present chose in action. (Clements v. Doblin, 209 App. *413 Div. 208, affd. 239 N. Y. 526; Warner v. Fourth Nat. Bank, 115 N. Y. 251, right to surplus after satisfaction of pledgee’s claim.)
CPLR 5227 authorizes a special proceeding “ by the judgment creditor, against any person who it .is shown is or will become indebted to the judgment debtor”. Subdivision (a) of CPLR 5201 provides: “A debt may consist of a cause of action which could be assigned or transferred accruing within or without the state.”
Assuming, as we must, for purposes of the motion to dismiss, the truth of petitioner’s allegations, a cause of action in favor of the judgment debtor, Eastern, accrued at the time the checks bearing the alleged forged or improper indorsements were paid by Chemical and charged against Eastern’s account. In this respect the petitioner judgment creditor stands in Eastern’s shoes. (See Matter of Ruvolo v. Long Is. R. R. Co., 45 Misc 2d 136; Matter of Cohen v. First Nat. City Bank, 49 Misc 2d 141.) Contrary to Chemical’s contention, the existence of triable issues of fact does not require dismissal of a special proceeding. CPLR 410 directs that they be tried. (See Matter of First Small Business Inv. Corp. v. Zaretsky, 46 Misc 2d 328; CPLR 5225, 5239.)
Accordingly, respondent’s motion to dismiss is denied and its motion to implead Chase which purportedly guaranteed all prior indorsements on the subject instruments is granted (see Uniform Commercial Code, § A-207, subd. [2], par. [b]; § 3-417, subd. [2], pars, [a], [b]). Respondent shall serve a copy of the order to be entered hereon with notice of entry together with all supporting papers upon Chase within 10 days after entry of said order. Chase, having waived its jurisdictional defenses (U. S. Code, tit. 12, § 94), shall serve its answer within 10 days after service of such papers upon it.