LEOPOLD FREDRICK, Plaintiff, *v.* CHICAGO BEARING METAL COMPANY, Defendant.*

Supreme Court, New York County, July 12, 1927.

**Attachment — property attachable — contract providing for payment of percentage of profits is attachable under Civil Practice Act, § 916.**

A contract in favor of the defendant which provides for the payment to the defendant of a percentage of the profit made by the other party to the contract is attachable under section 916 of the Civil Practice Act. The contention that since the time for the first accounting under the contract had not arrived there could be no present liability for profits cannot be sustained because defendant's interest in the profits is continuous.

* Revd., 221 App. Div. 588.

MOTION by the defendant appearing specially to vacate the order of publication of the summons, and the attachment, on the ground that no property of the defendant has been attached.

*Hirsch, Sherman & Limburg* [*Henry L. Sherman* and *Harry F. Mela* of counsel], for the defendant, for the motion.

*Max D. Steuer* [*Edward J. Bennett* of counsel], for the plaintiff, opposed.

LEVY, J.    The action was brought to recover the sum of $307,500 as commission to which plaintiff claims to be entitled for the sale of the assets of defendant to Magnus Co., Inc., a domestic corporation, the ground of attachment being that the defendant is a foreign corporation.    The third party debtor having failed to file the certificate required by law upon service of the warrant of attachment upon it, an examination was had as to the property of the defendant in its hands.    This inquiry revealed that the latter had sold its effects to the Magnus Co., Inc., for a specified sum of money which had been paid to it prior to the attachment, and for an additional consideration payable for seven years in the shape of twenty per cent of the net profits of the purchasing concern. The contract of sale which was in writing provided for an accounting every year and for the payment of the profits upon such accounting, and also provided that defendant was not to be chargeable with any losses during the given year, or for an abatement of subsequent profits by any of the losses sustained during any year, with the right in the latter to inspect the corporate books.    After this examination, the sheriff served the Magnus Co., Inc., with a certified copy of the warrant and also with a notice stating that all of the defendant's interest in the contract was attached, this being furnished pursuant to section 917, subdivision 3, of the Civil Practice Act.

The sole question arising upon the controversy is whether the defendant's interest in the contract is attachable.    It is conceded for the purpose of this application that the only remaining interest of the defendant in the contract is the right to receive twenty per cent of the profits for a period of seven years, the first payment to be for the year ending December 31, 1927.    It is argued that this is not a present subsisting interest in the defendant which is capable of attachment, it being a mere contingent right, for the reason that the corporation may make no profits during the year. Furthermore, even if such profits have been earned since January 1, 1927, the right to receive them does not accrue until the end of the year.    Therefore, it is said that the sheriff attached no property subject to levy under the statute and the attachment must neces-

sarily fall. The validity of these objections must be tested by a close examination of the statutes referring to personal property attachable thereunder. Section 916 of the Civil Practice Act provides for the levy upon " a cause of action arising upon contract; including a bond, promissory note, or other instrument for the payment of money only, negotiable or otherwise, whether past due or yet to become due,  *  *  *. The attachment may also be levied upon a right or interest, present or future, to any of the property or estate of a deceased person which may belong to the defendant and which could be legally assigned by him as legatee or distributee, * * *." Section 917, subdivision 2, of the Civil Practice Act provides for the attachment of personal property capable of manual delivery, including a bond, promissory note or other instrument for the payment of money. Subdivision 3 of that section provides for a method of attachment " upon other personal property." Section 915 authorizes a levy upon any interest in shares of stock or bonds of a foreign corporation, and section 914 permits a levy against unpaid subscriptions due to a foreign corporation.

It is unquestioned, of course, that the particular property attached here is not capable of manual delivery, nor is it a " bond, promissory note, or other instrument for the payment of money only." It more properly belongs to that species of intangible property known as choses in action. For a right of action may be property in the very same sense in which tangible things are property. That choses in action, even beyond those specifically mentioned in the statute, are the subject of attachment would appear to be clearly implied in the law. Thus, in section 917 of the Civil Practice Act a levy is authorized upon a cause of action arising upon contract, seemingly excluding any claims arising in tort. Yet subdivision 3 of that very section appears to warrant a levy upon choses in action, and whether it permits a levy upon any besides those specified in the statute *in hæc verba* is the question to be determined. For aid I consider we may well go to the following illustrative cases which are argumentative in favor of the broader construction.

In *Warner* v. *Fourth National Bank* (115 N. Y. 251) the Penn Bank had pledged certain commercial paper with the American Exchange Bank of New York as security for its obligation. While this still remained unpaid, suit was brought against the pledgor by the Fourth National Bank and a levy made upon its interest in the paper while in the hands of the pledgee. On behalf of Warner, the assignee of the Penn Bank, who sought to vacate the attachment, it was argued that the latter's rights in the securities at the time of attachment were contingent, depending upon the payment of the debt and the existence of a surplus, in the event of

sale upon default, to be applied to the attaching creditor's claim. The court refused to vacate the attachment, saying (at p. 256): " In this case, what was the subject of the attachment was this right of the Penn Bank to compel its pledgee to account to it as to the pledged paper, and to receive the surplus of the proceeds of collection, after satisfying the pledgee's claim for advances. That right is a chose in action, and, in the nature of things, is intangible. It is the subject of attachment as a demand against the person, *within the spirit of the language of the Code.*" (Italics mine.)

In *Simpson* v. *Jersey City Contracting Co.* (165 N. Y. 193) a non-resident pledged a certificate of stock of a foreign corporation as security for a debt. The court held that the interest of the owner and pledgor in this stock was a property right within this State, and was properly levied upon under a warrant of attachment against him. The reason for this is well summed up in *Stagg* v. *British Controlled Oilfields, Ltd.* (117 Misc. 474, 479, 480): " The right of the pledgor to have the pledgee account and pay over the surplus, if any, remaining after payment of the loan is a chose in action against which there may be a levy. \* \* \* By the provisions of our statutes a chose in action is amply substantial to be the subject of such a levy, and with its value we are not concerned."

It is interesting to note that these authorities sustain the right of attachment of a remainder interest in personal property, although the value of such remainder is indeterminable and may prove to be wholly worthless, and although no provision for a levy is made in any specific language of the statute. The justification for attachment in instances like the one under consideration is found in the language authorizing a levy upon a cause of action arising upon contract. The phrase " cause of action " cannot be limited to a present right to bring an action, but must be extended to include choses in action generally. This broad construction is necessary in order to support the right to levy upon such claims as the remainder of the pledgor's interest, and also to justify the universal practice — despite the absence of express statutory authority — of attaching a debtor's unmatured accounts receivable. An account of this nature even though not presently due, nor yet classifiable as an instrument for the payment of money, is nevertheless one of the most common subjects of attachment, the levy upon which is effected in the usual statutory manner. If the authority to levy upon such an account were dependent upon express statutory language, and in its absence upon a narrow construction of the statute authorizing a levy upon " a cause of

action arising upon contract," no levy could ever be made on an account receivable in advance of its due date. In the light of this discussion, let us see whether the interest of the defendant in the contract with the Magnus Company is such a chose in action as is the proper subject of attachment.

Defendant's rights under the contract are a species of property analogous in many respects to shares of stock. Under it defendant is entitled to receive its share of the profits of the Magnus concern. The fact that no profits may ever accrue does not make the *right* contingent upon an event the happening of which is not certain. There is no such element of contingency present here as to deprive defendant of its right to trade in its prospects. The contract interest obviously is a present one and indeed just as much capable of barter as a share of stock. Adopting the language in *Simpson* v. *Jersey City Contracting Co.* (*supra,* 197), with reference to the defendant's property, we may say: " The truth is that it did have property here, in the common acceptation of the term, as well as in the eye of the law. Certificates of stock are treated by business men as property for all practical purposes. They are sold in the market and they are transferred as collateral security for loans, and they are used in various ways as property." If the contract required the performance of certain conditions by defendant before imposing any obligations upon the third party, it would of course be contingent and very likely not attachable. But all such conditions by defendant have been fully met and its right to receive twenty per cent of the profits is, therefore, undoubtedly assignable.

Two examples of contingent claims which are not the subject of attachment are found in *Herrmann & Grace* v. *City of New York* (130 App. Div. 531) and *Rosenberg* v. *Occidental Trading Co.* (189 id. 330). In the former the attachment debtor has a claim against the city for partial performance of a contract, but this sum was not due until the completion of the entire work. It is conceivable that the claimant might not complete his contract which was indivisible, in which event quite evidently he could not collect the amount accrued for work actually performed. Similarly, in the *Rosenberg* case it was sought to attach a credit established with a bank payable upon presentation of shipping documents. The credit was held not to be attachable, because it depended upon a condition precedent, namely, the presentation of the documents. Here, however, the right to profits is absolute, and the possibility, whether remote or otherwise, that no profits might accrue is not in the category of the contingency contemplated by law as to make the attachment unavailing.

The point urged that as the time of the first accounting had

not yet arrived, there could be no present liability for profits, is wholly untenable, because defendant's interest in the profits is continuous from the beginning of the year. Nor is there any force in the effort made to distinguish between the right to an accounting which a pledgor has, and the similar right possessed by defendant.

Obviously, therefore, it must be concluded that defendant has a present interest in a chose in action that is unconditional and is the subject of attachment, and the property has been levied upon by the sheriff in the proper manner authorized by subdivision 3 of section 917 of the Civil Practice Act. Accordingly, the motion must be denied.